Long *v.* Daylor et al., Appellants.

Argued May 27, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*William S. Bailey,* with him *J. Paul Rupp,* of *Bailey & Rupp,* for appellants.

*Louis Gordon,* for appellee.

OPINION BY MR. JUSTICE BARNES, October 8, 1937:

The plaintiff sued in assumpsit for damages, alleging a breach of a written contract, for the sale to him, of the premises known as 1930 N. Third Street, Harrisburg. Title to the premises was in defendant Shutter. The co-defendant Daylor was Shutter's agent in negotiating the sale, and apparently had some interest in the property.

The facts in reference to the terms of payment of the purchase price for the property are somewhat confusing. It appears from the agreement dated August 7, 1933, that the full consideration was $6,250. Plaintiff agreed to assume an existing mortgage of $5,000, and the balance of the consideration of $1,250 was payable, $550 in cash at the time of settlement on August 15, 1933, and the delivery, at the time the agreement was signed, of plaintiff's judgment notes for $200 and $500, respectively. Plaintiff duly executed the two judgment notes mentioned and delivered them to defendants.

A second written instrument, likewise dated August 7, 1933, was entered into between the same parties, whereby plaintiff was given the option of paying his $500 note maturing in ninety days by the conveyance to the defendants of a lot of ground situate on Second Street in Harrisburg, in which the plaintiff had an equity equal to the face of the note. Furthermore, it is alleged by plaintiff, but denied by defendants, that there was delivered to them a third judgment note of plaintiff for $550, payable in forty-five days from August 7, 1933, in lieu of the payment of the same sum in cash at settlement.

These various changes in the terms of payment were required because plaintiff, after taking possession of the property on August 7, 1933, with defendants' consent, immediately undertook extensive alterations to convert the building thereon into an apartment house. He incurred obligations in excess of $3,000 and needed ready funds for labor and materials.

The alterations to the property were almost completed by September 29, 1933, at which time plaintiff demanded that title to the property be conveyed to him. The defendants refused to comply with this request, unless plaintiff paid $1,250 in cash for the deed. The plaintiff alleged that he had arranged to borrow upon the property the sum of $750, which he was willing to pay to defendants in liquidation of two of his judgment notes which had matured. He contended that the third note was not yet due, and that upon maturity it could under the option agreement be paid by a conveyance of the Second Street property. The defendants persisted in their refusal to convey the property, and jeopardized the financial arrangements of the plaintiff by placing a lien for $1,500 against the premises by a judgment confessed by Shutter in favor of Daylor, allegedly to secure Daylor for funds that he had advanced to repair the building prior to the execution of the agreement of sale.

On November 29, 1933, the balance of the purchase price being due, the defendants by a constable demanded

the immediate payment of $1,250, and tendered a deed for the property to the plaintiff. The plaintiff rejected the tender, because, he said, the demand was not in conformity with his contracts.

The plaintiff remained in the property until May 7, 1934, when the defendants dispossessed him by eviction proceedings before a justice of the peace. Thereafter, upon plaintiff's petition for a certiorari, the Court of Common Pleas of Dauphin County determined that the eviction was improper because plaintiff had entered into possession as a purchaser rather than a tenant, and there being no rent reserved, there was no jurisdiction in the justice of the peace, to entertain possessory proceedings. The defendants did not appeal from this decision.

The plaintiff thereupon instituted an action of trespass to recover damages for the injuries sustained by reason of the improper eviction, as well as this action of assumpsit for breach of contract. The contention of the plaintiff is that the breach occurred in September or October when the defendants refused to deliver the deed. The defendants on the other hand contend that the plaintiff failed to pay the sum of $1,250 in performance of his part of the contract.

These are the pertinent facts in the controverted matters which were submitted to the jury. The two cases were tried together and the jury found for the plaintiff in each case, in the sum of $3,170.43 in the assumpsit action, and in the sum of $25 in the trespass action. The defendants filed a motion for a new trial on the grounds that, first, the verdict was against the law and the evidence, and, second, that the rulings of the trial judge upon various questions of evidence were erroneous. The defendants have appealed from the order of the court in banc overruling their motion for a new trial and directing that judgment be entered upon the verdict.

We agree with the conclusion of the court below that the record discloses nothing to support defendants' contentions that the verdict was against the law and the evidence. Whether plaintiff or defendants breached the contract, is dependent upon disputed and conflicting testimony. The principal factual question in the case is whether the agreement was so modified that plaintiff by delivering his note for $550 satisfied his original undertaking to pay that sum in cash at settlement, and this issue was for the jury to determine. That the original agreement was modified is conceded. That it was modified in the manner the plaintiff contends is established by the verdict of the jury. The award of a new trial is within the sound discretion of the trial court, and its disposition of a motion for a new trial will not be disturbed unless a palpable abuse of discretion is shown. Such an abuse is not indicated in this case. A careful study of the charge of the trial judge convinces us that the case was submitted to the jury upon the proper theory by a charge that adequately covered all disputed questions of fact.

The remaining assignments of error are without merit and need not be discussed at length. We have carefully considered defendants' contentions that the exclusion of certain evidence was improper, and, after study, we agree with the rulings made by the trial judge. The alleged agreement between the defendant Shutter and the workmen, which the defendants sought to introduce for the purpose of contradicting witnesses who testified in corroboration of the plaintiff, was clearly inadmissible for the obvious reason that not only was it by its terms not pertinent to the questions in dispute, but it did not, as a matter of fact, contradict the testimony of such corroborating witnesses.

Similarly the efforts of the defendants to establish the relationship of landlord and tenant between the parties was properly refused for the reason that, in the

possessory action instituted before the justice of the peace and finally determined by the Court of Common Pleas, it was decided that relationship did not exist. The defendants not having appealed therefrom, the question was conclusively determined, and it would have been error to have permitted the introduction of evidence to contradict such determination. The required identity of conditions being here present the principle of res adjudicata was properly applied by the court below: *McGunnegle v. Pittsburgh & L. E. R. R.*, 269 Pa. 404, 410; *Siegfried v. Boyd*, 237 Pa. 55; *Bennett v. Erwin*, 325 Pa. 330, 333.

We come now to the contention of the defendant Daylor, raised for the first time on this appeal, that the verdict against him was improper, because he was merely the agent for a disclosed principal who had signed the contract upon which the action was brought. While we are convinced that the proofs are sufficient to establish that Daylor was chargeable as principal, in view of his substantial interest in the property, it is not necessary for us to decide that question because this defense is advanced too late for consideration. Daylor participated in a joint defense upon another theory, and now that the verdict of the jury and the action of the court below have been adverse, he cannot be permitted to alter his position and advance a new and different defense. In *Reznor Manufacturing Company v. Bessemer & Lake Erie R. R. Company*, 233 Pa. 369, 372, we said: "A party may not sit silent and take his chances of a verdict, and then, if it is adverse, complain of a matter which, if an error, would have been immediately rectified and made harmless: *Com. v. Razmus*, 210 Pa. 609"; *Grange National Bank v. Collman*, 306 Pa. 200, 203; *Webster's Estate*, 314 Pa. 233, 235; *Com. v. Schuylkill Trust Company*, 315 Pa. 429, 432.

The assignments of error are overruled and the judgment is affirmed.