265 P.2d 387

**McCARTHY v. STATE et al.**

No. 8037.

Supreme Court of Utah.

Dec. 22, 1953.

Pugsley, Hayes & Rampton, Harry D. Pugsley, Salt Lake City, for appellant.

C. E. Henderson, Joseph S. Quinney, Irwin Clawson, Robert B. Porter, Athol Rawlins and Robert Murray Stewart, Salt Lake City, for respondents.

CROCKETT, Justice.

Plaintiff, Daniel McCarthy, appeals from an order of dismissal entered by Third

District Judge David T. Lewis, which he based upon the ground that a prior judgment of dismissal in the U. S. District Court for Utah was res judicata of this action.

The controversy arose out of a contract by which Mr. McCarthy undertook to do certain work upon a monument at the mouth of Emigration Canyon commemorating the arrival of the Mormon Pioneers in Salt Lake Valley. The other contracting party was the "This is the Place Monument Commission," a committee of citizens appointed by the Governor of Utah to plan, raise funds for, and erect such monument. Their appointment was made pursuant to a recommendation by joint resolution of the state legislature. In 1939, and again in 1945, the legislature appropriated moneys to supplement that received by the Commission through private subscription. The legal status of the Monument Commission and its relationship to the State of Utah in carrying out the desires of the legislature and the Governor were not clearly defined. The Commission conducted a public solicitation of funds, received and expended its legislative appropriations, and proceeded to have the monument erected.

Dispute developed over the work done by plaintiff, one of the contractors, and the payment therefor. In May, 1948, he started an action in the U. S. District Court against the Monument Commission, characterizing it as a "voluntary association," and also against its members individually. They interposed the defense that neither the "association" nor its individual members were responsible under the contract, averring that they were simply acting for the State of Utah which was the real party in interest. The Federal Court sustained this contention, and held that as a consequence thereof it had no jurisdiction of an action by plaintiff against the State of Utah [1] and dismissed it. The time to move for a new trial and for appeal has elapsed and such judgment is final.

About 9 months later, in December, 1950, plaintiff instituted the present suit against the State of Utah, the Monument Commission, its executive secretary, and the members individually in the Third District Court of this State. Responsive to proper motions the action was dismissed as against the State because it had not consented to be sued, and as to the other defendants on the ground that the Federal Court had already made a final determination that such defendants were not the real parties in interest and were not personally responsible.

Plaintiff contends that inasmuch as the Federal Court dismissed the case for lack of jurisdiction, the rule of res judicata is not applicable. He cites Hutton v.

1. U. S. Constitution, XI Amend. "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State * * *."

Dodge[2] wherein we announced the general rule that a judgment becomes res judicata only when the court has acquired jurisdiction over the subject matter and the parties. This rule is grounded upon the sound principle that litigants are entitled to have an adjudication upon the merits. It must be conceded that in most instances, if a tribunal has no jurisdiction, there is no trial on the merits. However, it is not open to question that a judgment of dismissal for want of jurisdiction is conclusive *as to the matters upon which the ruling was necessarily based*.[3] In American Surety Co. v. Baldwin,[4] Mr. Justice Brandeis stated: "The principles of res judicata apply to questions of jurisdiction as well as to other issues." No reason is apparent why the rule should be less applicable to a decision denying jurisdiction than to one sustaining it.[5]

In the instant case, the conclusion that the Federal Court lacked jurisdiction was necessarily based upon a determination of the critical issue, i. e., that the individual defendants were not personally responsible under the contract. The other jurisdictional facts were present: The amount ex-

ceeded $3,000; there was diversity of citizenship between Mr. McCarthy, a resident of California and the other individual defendants, who were residents of Utah. The question whether the latter were responsible under the contract and therefore proper parties defendant was the one which was tried, argued and submitted to the Federal Court. The only logical deduction that can be drawn is that such was the ground for its order of dismissal. And this is true notwithstanding the fact that the court made no such written finding. The issue having been squarely presented and determined, it is res judicata as between these parties.

Plaintiff also challenges the State Court's summary judgment of dismissal as violative of Rule 56(c) U.R.C.P. which requires the court to give full consideration to the affidavits filed by the parties, urging that plaintiff's affidavit set forth facts which demonstrate that the Commission was not an agency of the State and that the individuals were in fact liable. Much of plaintiff's brief on appeal is also given over to an attempt to so persuade this Court. The issue was settled by the Federal Court, as

2. 58 Utah 228, 198 P. 165.

3. 2 Freeman on Judgments (5th Ed.) Sec. 745; For a discussion of res judicata as to particular issues involved in two actions, see Forsyth v. City of Hammond, 166 U.S. 506, 17 S.Ct. 665, 41 L.Ed. 1095, at page 1100; Southern Pac. R. Co. v. United States, 168 U.S. 1, 48, 18 S.Ct.

18, 42 L.Ed. 355, 377; United Shoe Machinery Corp. v. U. S., 258 U.S. 451, 42 S.Ct. 363, 66 L.Ed. 708 at page 718; 30 Am.Jur. 916, Sec. 172.

4. 287 U.S. 156, 53 S.Ct. 98, 101, 77 L.Ed. 231, 86 A.L.R. 298.

5. Ripperger v. A, C. Allyn & Co., 2 Cir., 113 F.2d 332.

hereinabove indicated, and it was not the prerogative of the State District Court nor of this Court on appeal to review or reverse that decision. Whether its judgment was right or wrong, it stands unassailed and is binding upon the parties.[6] Any other view would create uncertainty by undermining the conclusive character of judgments and would permit the revival of litigation once terminated; consequences which it was the very purpose of the doctrine of res judicata to avoid.[7]

The plaintiff in his brief pursues another totally different avenue in his claim that even if the Commission is in fact an agency of the State, the State would be liable on the contract because it was entered into in violation of law. Whether the State is liable on the contract or not can only be determined in a lawsuit in which the State consents to be sued;[8] it has not so consented. There appears no reason, however, why the plaintiff cannot present any just claim to the State Board of Examiners.[9]

Judgment affirmed. Costs to respondents.

WOLFE, C. J., and HENRIOD, MC-DONOUGH and WADE, JJ., concur.

6. 30 Am.Jur. 939, Sec. 198, 50 C.J.S., Judgments, § 704, page 159.

7. Reed v. Allen, 286 U.S. 191, 52 S.Ct. 532, 76 L.Ed. 1054, 81 A.L.R. 703.

8. Campbell Bldg. Co. v. State Road Commission, 95 Utah 242, 70 P.2d 857.

9. Section 63–6–7, U.C.A.1953.