333 P.2d 1065

Florence J. (Anderson) **PLUCKARD,**
Plaintiff and Respondent,

v.

LaMar **ANDERSON,** Defendant and
Appellant.

No. 8857.

Supreme Court of Utah.

Jan. 15, 1959.

300

Fred L. Finlinson, L. Delos Daines, Salt Lake City, for appellant.

Richard L. Bird, Lon Rodney Kump, Salt Lake City, for respondent.

NORSETH, District Judge.

This appeal is from a judgment entered in supplemental proceedings in a divorce case for $13,838.63 unpaid support money. It is sequel to Anderson v. Anderson, 3 Utah 2d 277, 282 P.2d 845, and Anderson v. Baker, 5 Utah 2d 33, 296 P.2d 283.

The original divorce proceeding was in 1949. In connection therewith the parties filed a stipulation as to property rights and support for the four children of the marriage, upon which the decree was based. The defendant was ordered to pay $200 per month support money. It was also provided that certain rental units in Phoenix, Arizona, the parties were purchasing should be sold and the net proceeds divided between the parties. The defendant's one-half was to be placed in trust to be paid to plaintiff at $250 a month also for the purpose of providing support for the children.

In 1952 a supplemental proceeding was had because defendant was in arrears in his payments on support money. He defended on the ground that the property had not been sold as agreed and that it was a condition precedent to the requirement that he pay the $200 support money for the children. Judge Clarence E. Baker rejected his contention, construing the decree that the $200 per month support money for the children was payable absolutely whether the property was sold or not.

The court entered its findings in part as follows:

"That under the terms of the divorce decree heretofore entered in the above entitled action the defendant was ordered to pay to plaintiff for the support and maintenance of the four minor children of the parties the sum of $200.00 per month, i. e., $50.00 for each minor child; that there has accrued as such support money up to and including August 10, 1952, the sum of $7,000.00, of which amount the defendant has paid $2,515.59; that there is now due and owing to plaintiff by defendant back support money in the sum of $4,484.41."

The court concurrently made its decree as follows:

"2. That the property described in paragraph 3, subsection (c) of the Stipulation and Agreement specifically incorporated in the divorce decree be sold as soon as possible."

The court further found the defendant in contempt and sentenced him, which was suspended conditioned that he pay the $200 per month as current support money and $100 per month to apply on the arrearage.

The defendant attempted to appeal from the above order, but his appeal proved abortive and it was dismissed. Inasmuch as the order was appealable and could have been so reviewed at that time, the settlement of the issue became res adjudicata.[1]

In view of the foregoing conclusion the defendant was obliged under the decree to pay the sum of $300 per month, commencing on the 1st day of September, 1952, and payable on the 1st of each and every month thereafter until the further order of the court, said payments to be made at the office of the clerk of Salt Lake County, and to be allocated as follows: $200 per month as current support money and $100 per month to apply on back support money. The plaintiff was to have the Phoenix property and to make reasonable efforts to sell it which her evidence shows she did. It is not required that the property be sold or that the proceeds be made available to the defendant as a condition precedent to his obligation to comply with the judgment concerning support money for his children.

Defendant further contends that the plaintiff is in no position to complain because she either engaged in machinations with others or so mismanaged the Phoenix property so they would lose it, whereas,

1. McCarthy v. State, 1 Utah 2d 205, 265 P.2d 387.

she should have managed it successfully and consummated a sale to preserve their equity and recapture the funds they had invested in it. The trial court likewise found against him on that contention. There is no basis in the evidence which would compel a finding other than that made by the trial court that the plaintiff made reasonable efforts to sell the property; nor is it such as to make mandatory a finding that she by collusion lost the property purposely to deprive the defendant of any participation in it.

■ The divorce proceeding is in equity and this court may review the evidence, but nevertheless indulges considerable latitude in favor of the findings and determination made by the trial court, and will not interfere therewith unless the evidence preponderates against his findings, or a manifest injustice or inequity is wrought.[2]

Affirmed. Costs to respondent.

CROCKETT, C. J., and WADE, WORTHEN and McDONOUGH, JJ., concur.

HENRIOD, J., having disqualified himself, does not participate herein.

2. Wilson v. Wilson, 5 Utah 2d 79, 296 P.2d 977.