**AMERICAN MOTORISTS INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**GENERAL HOST CORPORATION & American Salt Company, Inc., Defendants–Appellants.**

**No. 88–1503.**

United States Court of Appeals, Tenth Circuit.

Aug. 29, 1991.

Second Rehearing Denied Sept. 27, 1991.

---

**1490**

Timothy C. Russell, Patricia A. Gotschalk, Theresa W. Hajost, Drinker, Biddle & Reath, Washington, D.C., M. Kathryn Webb, Morrison, Hecker, Curtis, Kuder & Parrish, Wichita, Kan., for plaintiff-appellee.

Thomas D. Kitch, Ron Campbell, Fleeson, Gooing, Coulson & Kitch, Wichita, Kan., for defendants-appellants.

Before McKAY and EBEL, Circuit Judges, and WEST, District Judge.*

EBEL, Circuit Judge.

Appellants have filed a petition for rehearing requesting that we reconsider certain aspects of our earlier opinion in *American Motorists Ins. Co. v. General Host Corp.*, 946 F.2d 1482 (10th Cir.1991). Although appellants raise three separate issues for our consideration, only one of them has merit. That issue involves appellants' claim that the panel improperly looked to the factual findings made in the case of *Miller v. Cudahy Co.*, 858 F.2d 1449, 1458 (10th Cir.1988), *cert. denied*, 492 U.S. 926, 109 S.Ct. 3265, 106 L.Ed.2d 610 (1989), to support a conclusion that the pollution was not accidental and therefore

that American Motorists did not have a duty to defend appellants from the claims made in that case. We grant appellants' petition for rehearing on that issue and amend our earlier opinion in the following particulars.[1] In all other regards we deny the appellants' petition for rehearing.

## DUTY TO DEFEND

As recited in our previous opinion, an insurer's duty to defend is broader than the duty to indemnify. Specifically, an insurer may incur a duty to defend its insured even though it ultimately may not have an obligation to indemnify any liability that may be found against the insured. So long as the insured can show a non-frivolous possibility that the claim against it may fall within the coverage of the insurance contract, the insurer has a duty to defend the insured. As the Kansas Supreme Court noted in *Patrons Mutual Ins. Assoc. v. Harmon*, 240 Kan. 707, 732 P.2d 741, 744 (1987): "The possibility of coverage may be remote, but if it exists the [insurance] company owes the insured a defense."

In determining whether the insured has a duty to defend, it is by now well-recognized that "we must examine the complaints in the[ ] underlying actions and decide whether there are any allegations that arguably or potentially bring the action within the protection purchased or a reasonable possibility that coverage exists." *EAD Metallurgical, Inc. v. Aetna Casualty & Surety Co.*, 905 F.2d 8, 11 (2d Cir.1990). Some courts additionally "look beyond the effect of the pleadings and ... consider any facts ... which [the insurer] could reasonably discover in determining whether it has a duty to defend." *Spruill Motors, Inc. v. Universal Underwriters Ins. Co.*, 212 Kan. 681, 512 P.2d 403, 407 (1973). *See also Patrons*, 732 P.2d at 744; R. Keeton & A. Widiss, *Insurance Law: A Guide to Fundamental Principles, Legal Doctrines*

* The Honorable Lee R. West, of the United States District Court for the Western District of Oklahoma, sitting by designation.

1. Appellants requested rehearing *en banc* in the event that this panel denied their petition for rehearing. Although we grant the petition in part, we have circulated the petition to the entire court *en banc*. No request for an *en banc* hearing was made.

*and Commercial Practices* § 9.3 at 1013–14 (1988).[2]

■ Although we correctly stated the law in our prior opinion, we improperly applied that law to the facts of the case. Specifically, we erroneously looked to the findings of fact made *after* the conclusion of the trial in *Miller* rather than to the outstanding viable allegations as of the date the demand to defend was made. Based on the trial findings, we concluded that the pollution at issue was not "accidental" as required by the terms of the insurance contract. We now reconsider the issue of American Motorists' duty to defend and focus on the specific allegations made in the *Miller* complaint—as well as information available at the time the demand for coverage was made.[3]

Whether we look exclusively at the complaint in the *Miller* action or at all facts available to the insurer at the time of the demand, it appears that there was at least a credible possibility that the pollution alleged would be found to be "sudden and accidental." The initial *Miller* complaint alleged both negligent and willful conduct on the part of General Host in polluting the land around Lyons, Kansas. Such allegations clearly left open the possibility of a finding of "accidental" pollution. Furthermore, the complaint made no precise allegations as to when the pollution occurred. Taken together, these allegations were sufficiently broad that they could have supported a finding that the pollution was "sudden and accidental."

In addition, the March 22, 1982 pretrial conference order—which superseded the complaint—made it clear that the "sudden and accidental" nature of the pollution was an issue of fact still to be determined at trial. Specifically, the plaintiffs raised the following contentions in the pretrial conference order: (1) that defendants were negligent in the design and maintenance of their facility; (2) that the defendants acted grossly, willfully, and wantonly; (3) that the pollution is of a type which ordinarily does not occur in the absence of someone's negligence; and (4) that these damages have not become apparent until recently. *See* Pretrial Conference Order, March 9, 1982 at 4. On the basis of these contentions, the district court listed the following as "Issues of Fact" to be resolved at trial: (1) Did the defendants pollute the plaintiff's land? (2) Were the defendants negligent in the design and maintenance of their facility? (3) Did the defendants' conduct constitute gross, willful, and wanton behavior? (4) When did these damages, if any, actually occur? *Id.* Thus, at the time appellee was requested to defend the appellants in the *Miller* litigation, appellants were still facing a claim of sudden and accidental pollution negligently caused. It was not until the court rendered judgment in the case *after* trial that the liability was established to have been based on behavior of a longstanding, ongoing nature.

Of course, we do not here conclude that American Motorists had a duty to defend appellants in the *Miller* action. We recognize that there remain other potential defenses which may discharge any duty to defend on the part of American Motorists. For example, American Motorists asserts that appellants effectively waived their right to a defense by waiting until the eve of trial to make its demand for defense. *See* R. Keeton & A. Widiss, *Insurance Law: A Guide to Fundamental Principles, Legal Doctrines and Commercial Practices* § 7.2 (1988). On remand, the

2. Ordinarily, the demand to defend is made shortly after the complaint is filed and the duty to defend at that time must, of necessity, be determined by the allegations in the complaint. Subsequent events can, of course, alter the allegations in the complaint and the duty to defend may be altered as well. For example, amendments to the pleadings or partial, interim rulings may alter the allegations at issue and that may affect whether the remaining allegations fall within the scope of insurance coverage.

3. Here, the demand to defend was apparently not made upon American Motorists until March 19, 1984—the eve of trial. By then the court had entered a pretrial order narrowing and defining the issues. Thus, we look not only to the complaint but also to the pretrial order to determine whether appellants were at that time faced with claims that arguably or potentially were covered by their insurance contract with American Motorists.

District Court should consider this and other defenses that may be raised. For the present, we conclude only that the *Miller* action was "arguably and potentially" within the "sudden and accidental" exception of the insurance contract.

## CONCLUSION

We VACATE that portion of our prior opinion, 946 F.2d 1482, that held American Motorists had no duty to defend because the pollution was found not to be accidental, and we accordingly REMAND for further proceedings by the district court on the issue of American Motorists' duty to defend in the *Miller* litigation.

It is so ORDERED.