**Antonina SOLIEN, Plaintiff,**

v.

**PHYSICIANS BUSINESS NETWORK, INC. and Midwest Anesthesia Associates, P.A., Defendants.**

No. 98–2208–JWL.

United States District Court, D. Kansas.

Sept. 4, 1998.

Rodney A. Harrison, Thompson Coburn, St. Louis, MO, Karen R. Glickstein, Foland & Wickens, P.C., Kansas City, MO, for Antonina Solien.

James J. Cramer, Payne & Jones, Chtd., Overland Park, KS, for Physicians Business Network, Inc. and Midwest Anesthesia Associates, P.A.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiff Antonina Solien filed suit against defendants Physicians Business Network, Inc. and Midwest Anesthesia Associates, P.A. alleging violations of the Family and Medical Leave Act arising out of her employment with defendants. This matter is presently before the court on defendants' motion to dismiss plaintiff's complaint (doc. # 4), pursuant to Fed.R.Civ.P. 12(b)(6), on the basis of res judicata. For the reasons set forth below, defendants' motion to dismiss is granted.

## I. Background

In October 1996, plaintiff filed suit against Physicians Business Network (PBN) alleging violations of the Americans with Disabilities Act. The case, filed in the District of Kansas, was assigned to United States District Judge Kathryn Vratil (*Solien I* ). According to documents attached to plaintiff's papers here, plaintiff was represented by counsel in *Solien I* and participated in discovery, responding to written discovery propounded by PBN and appearing for her deposition. In September 1997, plaintiff, through her counsel, appeared for the final pretrial conference. In October 1996, PBN filed a motion for summary judgment on plaintiff's claims. Plaintiff failed to file a response to PBN's motion. Pursuant to Local Rule 7.4, Judge Vratil considered and decided PBN's motion as uncontested and, ultimately, granted PBN's motion "[f]or this reason and for good cause shown." In May 1998, plaintiff filed this case against defendants PBN and Midwest Anesthesia Associates, P.A. alleging violations of the Family and Medical Leave Act arising out of her employment with defendants.[1]

## II. Rule 12(b)(6) Standards

The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Maher v. Durango Metals, Inc.,* 144 F.3d 1302, 1304 (10th Cir.1998), or when an issue of law is dispositive. *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, *Maher,* 144 F.3d at 1304, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Witt v. Roadway Express,* 136 F.3d 1424, 1428 (10th Cir.1998). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## III. Discussion

■ Defendants move for dismissal of plaintiff's complaint on the basis that plaintiff's claims are barred by the doctrine of res judicata. Res judicata, or claim preclusion, precludes a party from relitigating issues that were or could have been raised in an earlier action, provided that the earlier action proceeded to a final judgment on the merits. *King v. Union Oil Co.,* 117 F.3d 443, 445 (10th Cir.1997) (citing *Lowell Staats Mining Co. v. Philadelphia Elec. Co.,* 878 F.2d 1271, 1274 (10th Cir.1989) (citing *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980))). To apply the doctrine of res judicata, four elements must exist: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit. *Nwosun v. General Mills Restaurants, Inc.,* 124 F.3d 1255, 1257 (10th Cir.1997) (citing *Murdock v. Ute Indian Tribe,* 975 F.2d 683, 686 (10th Cir.1992)), *cert. denied,* —— U.S. ——, 118 S.Ct. 1396, 140 L.Ed.2d 654 (1998).

For purposes of defendants' motion, the parties dispute only whether plaintiff's prior suit ended with a "judgment on the merits" and whether plaintiff had a full and fair opportunity to litigate the claims in her prior suit. As set forth in more detail below, the court concludes that Judge Vratil's order granting PBN's unopposed summary judgment motion constitutes an adjudication on the merits for purposes of res judicata and that plaintiff had a full and fair opportunity to litigate the claims in her prior suit. Thus, defendants' motion to dismiss plaintiff's complaint on res judicata grounds is granted.

As the parties recognize, res judicata will only bar plaintiff's claims in this suit if defendants can show that plaintiff's prior suit ended with a judgment on the merits. *See id.* ("Res judicata is an affirmative defense on which the defendant has the burden to set forth facts sufficient to satisfy the elements."). Judge Vratil's order granting

1. Plaintiff has retained new counsel for representation in connection with this lawsuit.

PBN's unopposed motion for summary judgment reads, in its entirety, as follows:

This matter comes before the Court on *Defendant Physicians Business Network Inc.'s ("PBN") Motion · for Summary Judgment* (Doc. # 27) filed ·October 6, 1997. The motion is unopposed.

Under D. Kan. Rule 7.4, the failure to file a brief or response within the time specified in D. Kan. Rule 7.1(b) shall constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect. If the nonmoving party fails to file a response within the time required, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.

For this reason, and for good cause shown, the Court finds that defendant's motion should be sustained.

IT IS THEREFORE ORDERED that *Defendant Physician Business Network Inc.'s ("PBN") Motion For Summary Judgment* (Doc. # 27) filed October 6, 1997, should be and hereby is sustained.

The judgment itself states that "[t]he action is dismissed on the merits."

■ It is well settled that summary judgment is a final judgment on the merits for purposes of res judicata. *Dicken v. Ashcroft,* 972 F.2d 231, 233 n. 5 (8th Cir.1992). *See* 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure,* § 4444 (1981). Plaintiff urges that the *Solien I* decision should not be given preclusive effect, however, because the judgment was based, in plaintiff's opinion, on procedural grounds rather than a determination on the merits. According to plaintiff, a dismissal on purely procedural grounds is not given preclusive effect as to those claims

which were not actually litigated in the prior suit.[2]

■ As an initial matter, the court notes that the mere fact that a dismissal is based on procedural grounds does ·not render the doctrine of res judicata inapplicable. *See, e.g., Murphy v. Klein Tools, Inc.,* 935 F.2d 1127, 1128–29 (10th Cir.1991) (dismissal on statute of limitations grounds under Rule 41(b) is adjudication on the merits for res judicata purposes); *Stewart Securities Corp. v. Guaranty Trust Co.,* 597 F.2d 240, 241–42 (10th Cir.1979) (in some circumstances, dismissal under Rule 41(b) based on lack of jurisdiction operates as an adjudication on the merits for res judicata purposes). Moreover, although the Tenth Circuit has not addressed whether a judgment based on an uncontested motion for summary judgment constitutes a "judgment on the merits" for purposes of res judicata, the Ninth Circuit has directly addressed this issue. *See In re Gottheiner,* 703 F.2d 1136 (9th Cir.1983). In *Gottheiner,* the court held that a judgment based on an uncontested motion for summary judgment is given collateral estoppel effect when the party seeking to avoid the preclusive effect of the judgment "did not simply give up from the outset," but "actively participated in litigation on behalf of himself." *Id.* at 1140.

The court finds the reasoning of *Gottheiner* persuasive. In reaching its decision, the Ninth Circuit emphasized that the debtor had a full opportunity to·litigate his claims, although he ultimately chose not to do so at the summary judgment stage. *Id.* · ("That after many months of discovery [the debtor] decided his case was no longer worth the effort does not alter the fact that he had his day in court."). Indeed, the Tenth Circuit

---

**2.** In support of her argument, plaintiff analogizes the circumstances here (*i.e.,* the grant of an unopposed summary judgment motion) to an involuntary dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with the rules or orders of the. court. Plaintiff's argument is unconvincing for two reasons. First, involuntary dismissals under Rule 41(b) for failure to prosecute or to comply with rules of procedure operate as an adjudication on the merits for purposes of res judicata unless the court specifies otherwise in its dismissal order.

See Fed.R.Civ.P. 41(b); 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure,* § 4435 (1981). Second, as set forth in more detail in this' opinion, the circumstances here are simply not analogous to an involuntary dismissal based on a plaintiff's failure to prosecute or to comply with procedural rules. Here, plaintiff actively participated in discovery, attended the final pretrial conference and only then decided, for whatever reason, not to respond to PBN's motion for summary judgment.

has recognized the significance of analyzing the "fairness of the process" in the res judicata context. *See Nwosun,* 124 F.3d at 1257 (res judicata requires that the party had a full and fair opportunity to litigate the claim in the prior suit) (citing *Sil–Flo, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1520 (10th Cir. 1990) (citing *Kremer v. Chemical Const. Corp.,* 456 U.S. 461, 481 n. 22, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982))). According to the Tenth Circuit, "[t]he fairness of the process is determined by examining any procedural limitations, the party's incentive to fully litigate the claim, and whether effective litigation was limited by the nature or relationship of the parties." *Id.* at 1257–58 (citing *Sil–Flo,* 917 F.2d at 1521). Here, plaintiff was represented by counsel, participated in written and oral discovery, and appeared for the final pretrial conference in *Solien I.* Moreover, plaintiff has not offered any evidence or arguments that any procedural limitations in *Solien I* prohibited her from fully litigating her claims or that her ability to effectively litigate her claims was limited in any other way. For these reasons, the court believes that the Tenth Circuit would give preclusive effect to a judgment based on an uncontested motion for summary judgment particularly when, as here, the plaintiff fully participated in the discovery process, attended the final pretrial conference and, for whatever reason, simply decided not to respond to defendant's summary judgment motion. *See also In re Gober,* 100 F.3d 1195, 1205 (5th Cir.1996) (giving preclusive effect to default judgment where party actively participated in litigation for two years, filing counterclaims and making discovery requests); *In re Bush,* 62 F.3d 1319, 1324 (11th Cir.1995) (default judgment given preclusive effect where party actively participated in adversary process for nearly one year, was represented by counsel, answered complaint, filed counterclaim and filed discovery requests); *In re Daily,* 47 F.3d 365, 368 (9th Cir.1995) (where a party has had a full and fair opportunity to defend on the merits, but subsequently chooses not to do so, it is not an abuse of discretion for

district court to apply doctrine of collateral estoppel to prevent further litigation of issues resolved by default judgment in prior action). Accordingly, the court concludes that the prior judgment in *Solien I* constitutes an adjudication on the merits and that plaintiff had a full and fair opportunity to litigate the claims in her prior suit.[3]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion to dismiss plaintiff's complaint (doc. # 4) is granted. Plaintiff's complaint is dismissed in its entirety.

**IT IS SO ORDERED.**

---

**3.** The court's conclusion is further supported by one of the main policy considerations underlying res judicata—"the interest in bringing litigation to an end." *Nwosun,* 124 F.3d at 1258. By precluding repetitious litigation, the doctrine of res judicata "avoids unnecessary expense and vexation for parties, conserves judicial resources, and encourages reliance on judicial action." *Id.* (quoting *May v. Parker–Abbott Transfer & Storage, Inc.,* 899 F.2d 1007, 1009 (10th Cir.1990)).