MATOSANTOS COMMERCIAL
CORPORATION, Plaintiff,

v.

APPLEBEE'S INTERNATIONAL,
INC., Defendant/Third Party
Plaintiff,

v.

Apple Development Associates, II, L.P.,
Peter W. Feldman and Henry Derooy,
Third Party Defendants.

Civ. A. No. 99–2105–KHV.

United States District Court,
D. Kansas.

Aug. 26, 1999.

Bruce Keplinger, Timothy S. Davidson, Norris & Keplinger, L.L.C., Overland Park, KS, Hector Saldana-Egozcue, Saldana & Vallecillo, PSC, Brian D. Martin, Blackwell Sanders Peper Martin LLP, Kansas City, MO, for Matosantos Commercial Corp.

Peter Feldman, Deerfield Beach, FL, pro se.

Michael Thompson, Brian D. Martin, Blackwell Sanders Peper Martin, LLP, Kansas City, MO, for Applebee's Intern., Inc.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on *Defendant's Motion For Summary Judgment* (Doc. #25) filed June 8, 1999. Plaintiff brings six claims, all of which revolve around the issue whether defendant Applebee's International, Inc. assumed or promised to assume the contractual obligations of its franchisee. Defendant argues that another district court has already determined that it neither assumed, nor represented that it would assume, duties of the franchisee. Defendant therefore argues that issue preclusion bars plaintiff from relitigating this issue. For the reasons stated below, defendant's motion must be sustained.

### Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Smith v. Midland Brake, Inc.,* 138 F.3d 1304, 1307 (10th Cir.1998). The moving party bears the initial burden of showing that there is an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party meets its burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. A "genuine" factual dispute requires more than a mere scintilla of evidence. *Id.* at 252, 106 S.Ct. 2505.

In considering a summary judgment motion the Court must view the evidence in the light most favorable to the nonmoving party. *Tom v. First Am. Credit Union,* 151 F.3d 1289, 1291 (10th Cir.1998). Summary judgment may be granted, however, if the nonmoving party's evidence is merely colorable or is not significantly probative. *Anderson,* 477 U.S. at 250–51, 106 S.Ct. 2505. Thus, " '[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party,' summary judgment in favor of the moving party is proper." *Thomas v. IBM,* 48 F.3d 478, 484 (10th Cir.1995) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

### Facts

Plaintiff Matosantos Commercial Corporation is in the business of purchasing products for resale and distribution to national restaurant chains. On April 13, 1995, it entered into a purchase and delivery agreement with Casual Dining Restaurant Management of Puerto Rico, Inc. ("Casual Dining"). Casual Dining was an

affiliate of Apple Development Associates II ("Apple Development"), a franchisee of Applebee's International, Inc. ("Applebee's"). Casual Dining operated two Applebee's restaurants in Puerto Rico. In its agreement with Matosantos, Casual Dining agreed to pay for any inventory Matosantos purchased in order to service Casual Dining. The two restaurants which Casual Dining operated, however, were not successful.

On February 13, 1996, Applebee's and Apple Development executed a management agreement which authorized Applebee's or one of its subsidiaries to manage the Casual Dining restaurants until March 8, 1996. The agreement stated that for the duration of the management term, Applebee's or one of its subsidiaries would operate the restaurants subject to existing contracts of Casual Dining, but that Casual Dining was responsible for payment of its suppliers for purchases prior to the time Applebee's or another franchisee took over the restaurants.

On February 14, 1996, Gilbert Simon, Applebee's executive director of international financing, sent Matosantos a letter which stated that as of that date, an Applebee's subsidiary had begun managing the Casual Dining restaurants. Simon stated that under the purchase and delivery agreement between Casual Dining and Matosantos, Casual Dining was responsible for payment of goods and services provided prior to February 14. The next day, Simon again wrote Matosantos and reiterated that neither Applebee's nor any subsequent franchisee of Applebee's for Puerto Rico could assume responsibility for payment of the goods and services provided to Casual Dining prior to February 14 and that Casual Dining was liable for such payment. Matosantos alleges that prior to February 14, 1996, however, Simon orally promised that any subsequent franchisee would assume the obligations of Casual Dining.

A subsidiary of Applebee's operated the Casual Dining restaurants until March 14, 1996, when the restaurants closed.

In July of 1996, Matosantos filed suit against Applebee's in the United States District Court for the District of Puerto Rico. In its complaint, Matosantos alleged that Applebee's had verbally assumed responsibility for the inventory which Matosantos had acquired under its purchase agreement with Casual Dining. Matosantos also alleged that under the management agreement, Applebee's had assumed the obligations of Casual Dining under the purchase and delivery agreement.

Applebee's moved to dismiss the complaint based upon lack of personal jurisdiction. In briefing the issue, both parties attached statements, letters and contracts to the motions, briefs and pleadings. The Honorable Justo Arenas, United States Magistrate Judge for the District of Puerto Rico, recommended dismissal of the complaint. The Honorable Daniel R. Dominguez, United States District Judge for the District of Puerto Rico, adopted this recommendation.

In ordering dismissal, the district court found that Matosantos had failed to make a prima facie showing of personal jurisdiction. It held that on the record before it, Applebee's had made no written agreement or oral representation which obligated it under the purchase agreement between Matosantos and Casual Dining. The court stated:

> Plaintiff alleges that, in addition to its obligation to pay for materials served from February 14 to March 8, 1996, defendant also assumed liability for the agreement executed by Matosantos and Casual Dining. Even though defendant clearly stated the contrary through letters sent to Matosantos, as well as by the contract signed between [Applebee's] and [Apple Development], Matosantos alleges that defendant assumed this obligations [sic] through "verbal representation." However, neither the complaint nor the opposition to the Magistrate Judge's determination provides the Court with any evidence that may sustain such allegation.

*Exhibits To Defendant Applebee's Motion For Summary Judgment* (Doc. # 27), Ex. C at 11. The court found that Matosantos had failed to satisfy the Puerto Rico long-arm statute because although Applebee's had some contacts with Puerto Rico, the cause of action did not arise from those contacts. The court also held that even if Matosantos had shown personal jurisdiction over Applebee's, it would be required to grant summary judgment under Fed. R.Civ.P. 56. It stated that:

> [t]he record in the case has letters and contracts clearly establishing non liability by [Applebee's] for materials purchased prior to February 14, 1996. Matosantos relies purely on allegations of "verbal representations" by Defendant purportedly assuming liability. Matosantos, however, failed to provide any evidence to substantiate its allegation. Hence, there is no triable issue because the record in the case is not "sufficiently open-ended to permit a rational fact finder to resolve the liability issue."

*Id.* at 11 n. 5 (citation omitted).

Matosantos subsequently filed this action, bringing six claims based on Applebee's failure to pay for the inventory which Matosantos held under the purchase agreement with Casual Dining. The claims include breach of contract,[1] contract by estoppel,[2] intentional misrepresentation,[3] and negligent misrepresentation.

### Analysis

■ Issue preclusion prevents relitigation of an issue by a party against whom the issue has been conclusively determined in a prior action. *Hall v. Doering*, 997 F.Supp. 1445, 1459 (D.Kan.1998). Both parties assume that Kansas law governs issue preclusion in this case. The Tenth Circuit Court of Appeals has not definitively decided whether federal or state rules apply to issue preclusion in cases based upon diversity of citizenship. *See Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 977 (10th Cir.1995). In dicta, the Tenth Circuit has stated that it would probably "apply federal preclusion law except where the matter is distinctively substantive." *American Motorists Ins. Co. v. General Host Corp.*, 946 F.2d 1482, 1485 (10th Cir.), *vacated in part on other grounds*, 946 F.2d 1489 (10th Cir.1991). The District of Kansas has subsequently determined that federal law governs issue preclusion in diversity cases. *Augustine v. Adams*, 169 F.R.D. 664, 668 (D.Kan.1996) (citing *Scheufler v. General Host Corp.*, 881 F.Supp. 492, 495 (D.Kan.1995)).

■ Issue preclusion requires that (1) the issue previously decided is identical with the one presented in the action in question; (2) the prior action has been finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action. *United States v. Rogers*, 960 F.2d 1501, 1508 (10th Cir.), *cert. denied*, 506 U.S. 1035, 113 S.Ct. 817, 121 L.Ed.2d 689 (1992).[4]

1. Matosantos alleges that when Applebee's entered the management agreement with Apple Development, it assumed the obligations of Casual Dining under the purchase agreement with Matosantos. Matosantos also alleges that Applebee's orally assumed the obligations of Casual Dining under the purchase agreement. Finally, Matosantos alleges that in the management agreement with Apple Development, Applebee's agreed to assume the obligations of Casual Dining and that Matosantos is a third-party beneficiary of the management agreement.

2. Matosantos alleges that Applebee's represented that it would assume the obligation of Casual Dining to Matosantos under the purchase agreement and that Matosantos reasonably relied on that representation.

3. Matosantos alleges that Applebee's intentionally misrepresented that it would assume the obligation of Casual Dining under the purchase agreement with Matosantos.

4. Kansas law on issue preclusion is substantially similar to federal law. Under Kansas law, issue preclusion requires "(1) a prior judgment on the merits which determined the

Applebee's argues that the Puerto Rico district court determined a key issue in this case—whether it assumed or promised to assume Casual Dining's obligation to pay for the Matosantos inventory. In its complaint in Puerto Rico, Matosantos alleged that Applebee's had verbally assumed responsibility for the inventory which Matosantos acquired. Matosantos also alleged that under the management agreement, Applebee's had assumed the obligations of Casual Dining under the purchase and delivery agreement between Matosantos and Casual Dining.

The parties in this action are identical to the parties in the Puerto Rico action. Likewise the issue decided is clearly identical—whether Applebee's assumed or represented that it would assume Casual Dining's purchase agreement with Matosantos. Matosantos argues that a dismissal for lack of jurisdiction does not operate as an adjudication on the merits, citing Fed.R.Civ.P. 41(b).[5] Rule 41(b) provides that

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed.R.Civ.P. 41(b). Applebee's correctly notes that in making this argument, Matosantos confuses claim preclusion with issue preclusion. Rule 41(b) merely restates the general rule regarding claim preclusion; it does not affect issue preclusion:

> Although a dismissal for lack of jurisdiction does not bar a second action as a matter of claim preclusion, it does pre-

clude relitigation of the issues determined in ruling on the jurisdiction question. . . . The provision in Rule 41(b) that dismissal for lack of jurisdiction does not operate as an adjudication on the merits is not intended to change this result.

18 Wright & Miller, *Federal Practice & Procedure; Jurisdiction* § 4436 at 340; *see also Kasap v. Folger Nolan Fleming & Douglas, Inc.,* 166 F.3d 1243, 1248 (D.C.Cir.1999); *Winters v. Diamond Shamrock Chem. Co.,* 149 F.3d 387, 396 n. 10 (5th Cir.1998).

 Issue preclusion does not focus on whether a party's entire claim has previously been adjudicated, but only whether the court adjudicated particular issues. Because of this crucial difference,

> [i]n some situations a decision on the jurisdiction of a court may depend upon questions of fact which are also material in determining the merits of the cause of action. The weight of the cases, expressly or by inference, supports the rule that where a question of fact material to the merits has been decided by and is essential to a judgment for defendant based on lack of jurisdiction, such determination is conclusive upon the parties in a subsequent action either for the same or a different cause of action.

*Res judicata effect of judgment dismissing action, or otherwise denying relief, for lack of jurisdiction or venue,* 49 A.L.R.2d 1036, 1068; *see also Unity House, Inc. v. First Commercial Fin. Group, Inc.,* 175 F.3d 1022 (7th Cir.1999) (Table, Text available on Westlaw at 1999 WL 164924 at *2); *McCarthy v. Utah,* 1 Utah 2d 205, 265 P.2d 387, 389 (1953); *Shore v. Shore* 43 Cal.2d 677, 277 P.2d 4, 6 (1954); *Long v. Daylor,*

---

rights and liabilities of the parties on the issue based upon ultimate facts as disclosed by the pleadings and judgment; (2) the parties must be the same or in privity; and (3) the issue litigated must have been determined and necessary to support the judgment." *In re Estate of Beason,* 248 Kan. 803, 813, 811 P.2d 848, 854 (1991) (citing *Jackson Trak Group v. Mid States Port Auth.,* 242 Kan. 683, 690, 751 P.2d 122, 128 (1988)).

**5.** The district court also held that even if personal jurisdiction existed, it would grant summary judgment to Applebee's. *See Exhibits To Defendant Applebee's Motion For Summary Judgment* (Doc. # 27), Ex. C at 11 n. 5. It is clear, however, that the court's order dismissed plaintiff's claim for lack of personal jurisdiction; it did not grant summary judgment. *Id.* at 15–16.

327 Pa. 484, 194 A. 495, 497 (1937). The Seventh Circuit ruling in *Unity House* is especially on point. There, a federal district court in Hawaii sustained defendant's motion to dismiss for lack of personal jurisdiction after finding that plaintiff had failed to submit prima facie evidence of an agency relationship that would form the basis for personal jurisdiction. *See* 1999 WL 164924 at *1. In a subsequent action, the Seventh Circuit held that this ruling prevented relitigation of the agency issue, either for jurisdictional purposes or for the merits of plaintiff's claim. The Court stated that issue preclusion bars relitigation of an issue once decided, regardless of the context in which it is framed. *Id.* at *2. It therefore found that an issue decided in dismissing a case for lack of jurisdiction was finally adjudicated on the merits. Here, based on the record before it, the Puerto Rico district court found that Applebee's did not assume—or represent that it would assume—the obligations of Casual Dining under the purchase agreement. All of the claims in this action revolve around this exact issue. Based on the striking factual similarities between this case and *Unity House,* the Seventh Circuit decision suggests that issue preclusion should likewise apply in this case.

The Court finds further support in the Restatement 2d of Judgments. Section 27 of the Restatement includes the following illustration:

> A brings an action against B for personal injuries arising out of an automobile accident. Jurisdiction is asserted over B, a nonresident, on the basis that the automobile involved in the accident was being operated in the state by or on his behalf. After trial of this issue, the action is dismissed for lack of jurisdiction. In a subsequent action by A against B for the same injuries, brought in the state of B's residence, the prior determination that the automobile was not being operated by or on behalf of B is conclusive.

*Restatement 2d of Judgments* § 27, ill. 3. While one could argue that the Puerto Rico district court did not dismiss the action "[a]fter trial of this issue," the Court finds that this phrase is not sufficient to make this illustration different than the present case. "After trial of this issue" appears to merely reaffirm the requirement that the issue be fully litigated before a decision can have preclusive effect. Here, the issue was fully litigated on the motion to dismiss. *See Unity House,* 1999 WL 164924 at *1.

Matosantos argues that it lacked a full and fair opportunity to litigate the issue. The Court disagrees. Matosantos does not provide any reason why litigation of the issue on a motion to dismiss did not give it a full and fair opportunity. It provides no evidence that the Puerto Rico court limited its presentation of evidence and argument whether Applebee's had assumed the purchase agreement duties.[6] In fact, because of the nature of a Rule 12(b)(2) motion to dismiss, Matosantos actually had a better opportunity to successfully litigate the issue than if the Puerto Rico case had proceeded to trial. Matosantos only needed to produce prima facie evidence of personal jurisdiction and the district court had to accept it as true. *See Boit v. Gar–Tec Prods., Inc.,* 967 F.2d 671, 675 (1st Cir.1992). The Court fails to see how the lower burden of proof, which was to the benefit of Matosantos, means that it lacked a full and fair opportunity to litigate the issue. " '[I]ssue preclusion is generally appropriate if some effort is made to litigate the issue, but the evidence introduced is held insufficient to carry the burden of persuasion or even the burden of production.' " *Unity House,* 1999 WL 164924 at *2 (quoting Wright & Miller, *Federal Practice & Procedure; Jurisdiction* § 4419). Just as a higher burden of proof in the first action suggests that issue preclusion should not apply, *see Restatement 2d of Judgments,* § 28(4), it is hard to argue that when a party has a full oppor-

---

**6.** Matosantos apparently sought additional discovery, but this discovery did not pertain to the contract issue. *See Exhibits To Defen-* *dant Applebee's Motion For Summary Judgment* (Doc. # 27), Ex. C at 14.

tunity to meet a lower burden of proof, yet fails to do so, the party should have a second chance. *See Unity House*, 1999 WL 164924 at *2 (dismissal for failure to produce prima facie evidence of jurisdiction has issue preclusion effect towards merits of claim, not just jurisdiction). The prima facie standard for a motion to dismiss for lack of personal jurisdiction did not prevent a full and fair opportunity for Matosantos to litigate whether Applebee's assumed or represented that it would assume the obligation of Casual Dining to pay for the Matosantos inventory.

Matosantos impliedly argues that it would have argued differently or better if it had been aware that the jurisdictional ruling could also effect the merits of its claim. The Court doubts that Matosantos placed less weight upon the jurisdictional issue than the merits of the case, however, because either could result in dismissal of the Puerto Rico action. Even if Matosantos viewed the jurisdictional question as relatively unimportant, it was on notice that the district court could convert the motion to dismiss to a motion for summary judgment. Under First Circuit law, because Applebee's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction included matters outside the pleadings, Matosantos was "squarely on notice that the court had the option of treating the motion as one for summary judgment." *Rodriguez v. Fullerton Tires Corp.*, 115 F.3d 81, 83 (1st Cir.1997). Matosantos was on notice that the motion to dismiss could evolve into one for summary judgment that could affect the merits of its claims, especially when the merits of its claims were so intertwined with the jurisdictional issue.

Matosantos argues that issue preclusion should not apply because it was not sufficiently foreseeable that the issue would arise again in a subsequent proceeding. *See Restatement 2d of Judgments*, § 28(b)(5). The Court disagrees. It was *highly* foreseeable that the issue would arise again, either in the Puerto Rico ac-

tion or (if Puerto Rico lacked jurisdiction) in another proceeding before a court which had personal jurisdiction over the parties. The issue whether Applebee's assumed the contract was obviously vital to the merits of plaintiff's case, not just to the question of personal jurisdiction, and it was certain to arise again after the jurisdictional issue was decided. In fact, the district court held that even if personal jurisdiction existed, Applebee's was entitled to summary judgment because it was sufficiently foreseeable that the court would convert the motion to dismiss to one for summary judgment and therefore reach the merits of the Matosantos claim. Matosantos essentially argues that it was not foreseeable that *this* Court would apply issue preclusion to the dismissal for lack of jurisdiction. From the Court's research, however, the majority of case law favors issue preclusion. *See Unity House*, 1999 WL 164924 at *2; *McCarthy*, 265 P.2d at 389; *Shore*, 277 P.2d at 6; *Long*, 194 A. at 497. *Cf. Four Star Capital Corp. v. Nynex Corp.*, 1993 WL 350016 (S.D.N.Y. Sept.09, 1993) (issue decided for jurisdictional purposes did not support issue preclusion on merits of plaintiff's claims). Matosantos cannot reasonably argue that it could not reasonably foresee that issue preclusion would apply; at a minimum, the case law suggests that issue preclusion was a distinct possibility.

Matosantos argues that the Puerto Rico court's decision was not based "on ultimate facts" as required by Kansas law. *See In re Estate of Beason*, 248 Kan. at 813, 811 P.2d at 854. The Court has already found that federal law, not state law, governs issue preclusion in this case. Even assuming that Kansas law applied, plaintiff's argument is unsuccessful. As Matosantos explains, ultimate facts establish a legal right, duty, or status. *See The Evergreens v. Nunan*, 141 F.2d 927, 928 (2d Cir.1944). While Applebee's argues that issue preclusion no longer requires ultimate facts, Kansas cases continue to use this term.[7] On the other hand, Kan-

---

7. The Courts notes, however, that it finds no Kansas cases which actually apply the term in

sas cases often cite the Restatement 2d of Judgments, *see Stanfield v. Osborne Indus., Inc.*, 263 Kan. 388, 397, 949 P.2d 602, 609 (1997), and the Restatement expressly eliminates the need for ultimate facts as an element of issue preclusion. *See Restatement 2d of Judgments,* § 27, cmt. j. It is therefore unclear whether Kansas still requires ultimate facts for issue preclusion, but the lack of clarity is not crucial here. According to plaintiff's own definition, the facts concerning Applebee's assumption of the Casual Dining obligations were ultimate facts in the Puerto Rico action. Matosantos alleged Applebee's assumption of the contract to establish both a status—the presence of Applebee's in Puerto Rico for purposes of personal jurisdiction and a duty, the duty of Applebee's to pay for plaintiff's inventory. Likewise Matosantos alleges the same facts in this case to establish the duty of Applebee's to pay for its inventory. In both actions, therefore, the issue which Applebee's seeks to preclude was based on ultimate facts establishing a duty or status.

■ Matosantos next argues that issue preclusion does not apply because the district court in Puerto Rico was not making conclusive findings of fact. While it is true that the district court did not make binding factual determinations, Matosantos provides no authority that such findings were necessary. In fact, issue preclusion can apply when no conclusive factual findings are made. *See Unity House,* 1999 WL 164924 at *2. For example, motions to dismiss for failure to state a claim and motions for summary judgment do not allow a court to make factual determinations; the court must either accept plaintiff's allegations or view all controverted facts in the light most favorable to Matosantos. *Zinermon v. Burch,* 494 U.S. 113, 118, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) (motion to dismiss); *Tom v. First Am. Credit Union,* 151 F.3d 1289, 1291 (10th Cir.1998) (summary judgment). Yet both types of rulings have full preclusive effect.

the issue preclusion context.

*State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 518 n. 8 (10th Cir.1994) (Fed. R.Civ.P. 12(b)(6)); *Solien v. Physicians Bus. Network, Inc.*, 22 F.Supp.2d 1237, 1239 (D.Kan.1998) (Fed.R.Civ.P. 56). Therefore, even though the Puerto Rico district court did not make conclusive findings of fact, its dismissal precludes relitigation of the issues which it addressed in finding a lack of personal jurisdiction.

■ Matosantos also argues that the Puerto Rico district court misinterpreted its claim as one for merchandise sold prior to February 14, 1996, rather than a claim for inventory held under the Casual Dining purchase agreement. The Court finds this argument unavailing. First, the district court adopted the magistrate's report and recommendation. *See Exhibits To Defendant Applebee's Motion For Summary Judgment* (Doc. # 27), Ex. C at 14. Matosantos does not argue that the magistrate made the same misinterpretation of plaintiff's claim. Indeed, the magistrate's report and recommendation shows that he correctly construed the Matosantos claim. *See id.,* Ex. D at 10. Moreover, while the district court opinion can be read as misinterpreting plaintiff's claim, it is clear that *at worst* the court only misinterpreted the relief which Matosantos sought. The district court correctly perceived that the main issue was whether Applebee's "assumed liability for the agreement executed by Matosantos and Casual Dining." *Id.,* Ex. C at 11. The relevant issue is therefore the same, both as Matosantos intended to plead it and as the court interpreted it. Either way, Matosantos needed to prove that Applebee's assumed the contractual obligations of Casual Dining, because otherwise Applebee's would not be liable either for merchandise sold prior to February 14, 1996 or for inventory which Matosantos held under the Casual Dining purchase agreement. The district court found that the management agreement clearly stated that Applebee's did not assume the contractual obligations of Casual

Dining, and that Matosantos provided no evidence of verbal representations by Applebee's. *Id.* Therefore, any misinterpretation does not call into question the preclusive effect of its ruling that Applebee's did not assume the purchase agreement obligations. At any rate, even if the alleged misinterpretation did cause the district court to err in considering the merits of the Matosantos claim, Matosantos should have corrected this error through direct appeal or a motion to reconsider. A key purpose of issue preclusion is to prevent Matosantos from collaterally attacking such errors.

Matosantos argues that even if issue preclusion applies, it only applies to the breach of contract claims. Matosantos argues that it raised only a breach of contract claim in Puerto Rico, and that its remaining claims have not been litigated. Matosantos, however, again confuses claim preclusion with issue preclusion. While Matosantos now brings new claims, they revolve around the same issue which formed the basis for the Puerto Rico district court dismissal—Applebee's did not assume, or promise to assume, the obligations of Casual Dining under the purchase agreement. Issue preclusion bars relitigation of an issue which is vital to all claims which Matosantos now brings. It cannot relitigate whether Applebee's assumed the purchase agreement under the terms of the management agreement or whether Applebee's orally represented that it would assume the purchase agreement. Because this issue is a necessary element of each claim, Applebee's is entitled to summary judgment on all of plaintiff's claims.

**IT IS THEREFORE ORDERED** that *Defendant's Motion For Summary Judgment* (Doc. # 25) filed June 8, 1999 be and hereby is **SUSTAINED**.