COOK v. COOK et al.

No. 6953.   Decided November 21, 1946.   (174 P. 2d 434.)

See 46 C. J. S. Insurance, sec. 1169; 29 Am. Jur. 969. See note. Right of third person who voluntarily or upon request pays life insurance premiums as against beneficiary, 88 A. L. R. 239. See, also, 50 Am. Jur. 695.

*Nephi Jensen* and *James A. Stump,* both of Salt Lake City, for appellant.

*George D. Preston* and *Melvin C. Harris,* both of Logan, for respondents.

WADE, Justice.

This is an appeal from an adverse judgment on an action brought by Genevieve Cook, the appellant herein, to recover the proceeds of a life insurance policy in which Jean L. Cook, the respondent herein, was named the beneficiary.

In 1931, Dewey L. Cook obtained a $2500 life insurance policy containing a double indemnity clause in the event of death by accident from the New York Life Insurance Company, in which his mother, Jean L. Cook, was named as beneficiary. In January, 1942, Dewey L. Cook married Genevieve Cook but did not have the beneficiary in his life insurance policy changed although an application for such change was mailed to him by an agent of the insurance company. On March 2, 1942, Dewey, who was tending sheep in a camp near Craig, Colorado, left the camp to search for some sheep. He never returned to camp, although that night his horse returned alone. When this happened, Dewey's wife was living in Salt Lake and when she heard of his disappearance she went to the home of his mother in Logan,

Utah. While Genevieve was there, Dewey's mother told her that she thought Dewey was dead and that everything that was Dewey's belonged to her as his wife. She then gave her a notice of an annual premium due on this life insurance and Genevieve claims requested her to pay it. Genevieve paid this premium and two more annual premiums, the notices for which were sent to Dewey's mother's home and which she in turn mailed to Genevieve. On the 27th day of August, 1944, Dewey's body was found in Sweetwater County, Wyoming.

Both the mother of Dewey who was the named beneficiary in the policy and his wife claimed the proceeds of the policy from the insurance company whereupon, upon a compromise settlement on the double indemnity feature of the policy, it paid the amount due on it plus the amounts paid in for premiums since March 2, 1942 and interest thereon, to the clerk of the court.

Appellant claims that the proceeds of the policy are rightfully hers because respondent had told her that the insurance belonged to her as Dewey's wife and that she would have it and therefore she should pay the premiums on the policy; that she relied on respondent's statements that the proceeds of the insurance policy would be given to her and therefore paid the premiums as they apparently became due up until the time Dewey's body was discovered. Respondent denied that she had told her daughter-in-law that the insurance would be hers and that she requested her to pay the premiums.

The court as trier of the facts found that if Dewey L. Cook ever made an application for change of beneficiary such form was never executed and returned to the insurance company; that respondent had expressed a willingness that her daughter-in-law should have the proceeds of the policy, but that she did not make a gift of the policy to her. The court also found that Dewey died on March 2, 1942, the day he disappeared and that the rights and proceeds under the policy had accrued on that date and therefore the premiums paid thereafter were paid under a mistake and appellant

was entitled to be repaid the amounts with interest thereon that she had paid to the insurance company.

Appellant assigns as error the findings of the court and its failure to make findings of fact on all material issues raised by the pleadings and evidence. Counsel for appellant contend that the court should have made findings as to (a) whether respondent represented to appellant that the insurance was appellant's and that respondent would turn the money over to appellant when she received it; (b) whether respondent assured appellant that she would receive the proceeds of the policy without a change of beneficiary being made, and (c) whether appellant believed and relied upon the representations and assurances of respondent when she paid the premiums. It is well settled that a court must make findings of fact on all material issues raised by the pleadings. Appellant argues that findings of the facts enumerated above are material to the issues raised and they are necessary in order for it to be determined whether respondent had made an equitable assignment of her rights to the proceeds of the insurance policy to appellant; or whether appellant was subrogated to respondent's rights to the proceeds or whether respondent was estopped from claiming the proceeds. Respondent argues that even if the court had made such findings of fact and those findings had been favorable to appellant, nevertheless, such facts would be insufficient upon which to base a judgment in favor of appellant and therefore they are not material facts and the court did not err in failing to make such findings.

If the court had found that respondent had told appellant that the insurance was appellant's and that she would give the proceeds to appellant when she received them and that it would not be necessary to make a change of beneficiary in the policy, would those facts have been sufficient to entitle the appellant to a judgment on the ground that there was an equitable assignment of the policy? In *Milford State Bank* v. *Parrish*, 88 Utah 235, 53 P. 2d 72, this court discussed what constitutes an equitable

assignment. Essential elements of an equitable assignment are the intention of the assignor to transfer a present interest in a debt or fund or to part with the power of control over that debt or fund. Can it be said that because respondent told appellant the insurance was hers and that respondent when she received it would pay it to appellant and that it was not necessary to change the beneficiary indicates an intention to transfer a present interest in the proceeds of the policy? We think not. At most it is a promise to pay the proceeds when collected. There is no act of transfer. The policy is not given to appellant. The very fact that respondent is to receive the proceeds precludes the idea that she has transferred her right to it or her control over it. Without a transfer of a present interest in the fund or a parting of control over the fund there can be no equitable assignment.

Was there evidence from which the court could have made findings of fact which would show that appellant was subrogated to respondent's rights to the proceeds of the policy? Appellant claims that she should be subrogated to respondent's rights to the proceeds because she paid at the request of the respondent and upon the representation that the proceeds of the policy would be hers all of the premiums which became due after the disappearance of the insured until the discovery of his body.

As stated in 50 Am. Juris. Subrogation, Page 688, Sec. 10:

"* * * Subrogation is a consequence which equity attaches to certain conditions. It is not an absolute right, but one which depends upon the equities and attending facts and circumstances of each case. There are, however, certain elements or conditions which must be present in every case in which legal subrogation is sought. In the first place, there must be debt or obligation for which parties other than the subrogee are primarily liable, and which he as surety, guarantor, or in some other capacity discharges for the protection of his own rights or interests, or to the payment of which the funds of the person seeking subrogation have been wrongfully applied, or from the payment of which a third person receives a benefit. The debt or obligation must generally be paid in full and the one seeking subrogation must be something more than a mere volunteer or intermeddler."

And in Am. Juris. Subrogation, Page 695, Sec. 20, the following statement appears:

"* * * It has been said that from the very nature of subrogation it could never have been intended for the relief of those who were in a condition in which they were at liberty to elect whether they would or would not be bound."

It is clear that appellant under the facts of this case was not bound to pay the premiums even if the insured had been alive at the time she made the payments. Also, she was not the beneficiary in the policy and she had no right to protest. The payments were voluntary on her part ■ and therefore the court could not have found that she was subrogated to the rights of respondent. From the pleadings and evidence adduced at the trial the court could have made no findings of any element or condition entitling appellant to subrogation.

Was respondent estopped from claiming the proceeds of the policy because even though she had expressed a belief to appellant that the insured was dead at the time of his disappearance, she nevertheless told her to pay the premiums and assured her that the proceeds of the policy would be hers, and appellant relying on those assurances did pay the premiums which became due up until the actual discovery of the insured's body?

To constitute an estoppel there must be conduct amounting to a misrepresentation or concealment of material facts; these facts must be known to the party sought to be estopped and unknown to the party who claims the benefit of the estoppel and who relying upon such conduct acted ■■ upon it to his loss. See *Barber* v. *Anderson,* 73 Utah 357, 274 P. 136, wherein this court discussed the elements of estoppel. In the instant case there is no misrepresentation or concealment of any material fact known to respondent and unknown to appellant. Appellant knew that respondent was the beneficiary of the policy; she knew that insured had disappeared and whether he was dead or alive was equally unknown to both appellant and respondent although

respondent at that time stated to appellant that she was sure insured was dead. When appellant paid the premiums, all the facts in the possession of respondent were equally in her possession. True, she may have paid the premiums in the belief that respondent would keep her promise and give her the proceeds of the insurance policy when it was collected, but that did not alter the fact that there was no misrepresentation or concealment of facts on which she acted to her loss. Appellant actually suffered no loss. The insurance company repaid the premiums with interest and the court held she was entitled to these amounts.

Since there was no evidence to base a judgment on any theory represented by appellant the court did not err in finding in favor of respondent and the findings of fact made were sufficient upon which to base its judgment.

It is not necessary to make findings of fact on issues which can have no effect on the result.

Affirmed. Costs to respondent.

McDONOUGH, PRATT, and WOLFE, JJ., concur.

LARSON, C. J., concurs in the order affirming the judgment.