BIG BUTTE RANCH, INC., Plaintiff
and Appellant,

v.

Marjorie R. HOLM, Carl William Holm
and Esther B. Holm, his wife,
Defendants and Respondents.

No. 14630.

Supreme Court of Utah.

Oct. 3, 1977.

Ronald C. Barker, Salt Lake City, for plaintiff and appellant.

Lauren N. Beasley, Salt Lake City, for defendants and respondents.

HALL, Justice:

Appeal from the decision of the district court which determined all of the provisions of a contract to have been terminated and of no force and effect.

The parties hereto entered into a Uniform Real Estate Contract on April 1, 1969, for the purchase of an Idaho farm and under the terms of which the buyers were to supply beef, lamb, potatoes, honey, and wheat from the farm operations to the seller for a period of 25 years. The buyers lived on and worked the farm for some three years before they defaulted. Subsequently, the parties entered into a Termination Agreement prepared by counsel for plaintiff-seller, the third paragraph of which reads as follows:

> First party hereby releases second, third and fourth parties from further liability or obligation under the terms of said Uniform Real Estate Contract. . .

Representations were made that the Termination Agreement relieved buyers of all obligations under the contract although no specific reference was made to the meat and produce obligation. Also, no demand was made for meat and produce prior to the initiation of the lawsuit.

Pursuant to the further terms of said Termination Agreement, defendants vacated the property. Over two years later the seller sued the buyers for not furnishing the meat and produce under the 25 year provision of the contract despite the terminology of the Termination Agreement releasing buyers from "further liability or obligation."

The trial court determined that the language of the Termination Agreement was ambiguous as it pertained to the contract obligation to furnish meat and produce, allowed parol testimony thereon and thereafter concluded that the buyers were in fact relieved of *all* terms of the contract by virtue of the Termination Agreement and

estopped to assert a claim for meat and produce.

Plaintiff asserts as error, 1) the court's determination that the Termination Agreement was ambiguous, and 2) that the principles of estoppel were applicable.

■ The only question before this Court is whether or not the parties intended all contractual obligations to cease. To ascertain the meaning of the agreements, the court should first examine the language of the instruments and accord to it the weight and effect which it may show was intended and if the meaning is ambiguous or uncertain then consider parol evidence of the parties' intentions.[1]

■ The fact that the Termination Agreement was silent as to whether or not the meat and produce obligation was terminated gave rise to the trial court's appropriate finding that some ambiguity did exist. It simply was not credible that seller expected continued performance from buyers to furnish meat and produce after leaving the farm, the possession of which was necessary to produce the same.

The parol testimony adequately points out that the seller's counsel prepared the Termination Agreement, that no demand was ever made for produce after the farm was vacated and that assurances were received that *all* contractual liabilities were absolved by the said agreement.

As to the contention that the doctrine of estoppel was not available to buyers, the facts of this case are to the contrary.

■ The test of estoppel is objective in nature as to what a reasonable person, under the circumstances, might conclude.[2] Here, seller represented all contractual obligations had ceased, making no mention that the produce obligation had not been terminated, buyers relied on the representation and such was to their detriment since by agreeing to terminate the agreement, the

1. *Mathis v. Madsen,* 1 Utah 2d 46, 261 P.2d 952 (1953).

2. *Corporation Nine v. Taylor,* 30 Utah 2d 47, 513 P.2d 417 (1973).

farm necessary to furnish the meat and produce was lost.[3]

Admittedly, estoppel is an affirmative defense and was not raised in the pleadings, however, the evidence offered at trial supported the principle and a motion to amend the pleadings to conform to the evidence was granted [4] and absent a showing of abuse of discretion and resultant prejudice we are constrained to support the trial court's findings and conclusions.[5]

Affirmed, costs to respondent.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

---

**3.** See *Cook v. Cook*, 110 Utah 406, 174 P.2d 434 (1946), for the requisites of estoppel.

**4.** Permissible in the court's discretion by Rule 15(b), Utah Rules of Civil Procedure.

**5.** *Benson v. Oregon Short Line R. Co.*, 35 Utah 241, 99 P. 1072 (1909); *Barber v. Calder*, Utah, 522 P.2d 700 (1974).