2004 UT App 27

**H.C. MASSEY, Plaintiff and Appellant,**

v.

**BOARD OF TRUSTEES OF the OGDEN AREA COMMUNITY ACTION COMMITTEE, INC., a non-profit organization, Defendant and Appellee.**

No. 20020999–CA.

Court of Appeals of Utah.

Feb. 12, 2004.

David J. Holdsworth, Sandy, for Appellant.

Janet Hugie Smith and Scott A. Hagen, Ray Quinney & Nebeker, Salt Lake City, for Appellee.

Before BILLINGS, P.J., BENCH, Associate P.J., and GREENWOOD, J.

## OPINION

BILLINGS, Presiding Judge:

¶ 1 H.C. Massey appeals the district court's order granting summary judgment to the Board of Trustees of the Ogden Area Community Action Committee, Inc. (the Board). We affirm.

## BACKGROUND

¶ 2 Beginning in 1969, the Board employed Massey as executive director of the Ogden Area Community Action Committee, Inc. (the Committee), a Utah non-profit corporation providing assistance to low-income area residents. The Committee's bylaws provided that Massey could be terminated only "for cause." Massey served continually as executive director until November 25, 1997, when the Board voted to terminate his employment. Following his termination, Massey filed a civil action in the U.S. District Court for the District of Utah (the federal suit) alleging, inter alia, violations of 42 U.S.C. section 1983 (1997). Massey argued that when the Board terminated his employment without notice and hearing, it deprived him of a property interest without constitutional due process. *See* 42 U.S.C. § 1983 (1997).

¶ 3 The Board ultimately filed a motion for summary judgment, contending Massey could not prevail on his section 1983 claim because the Board was not a state actor and was not engaged in state action when it terminated Massey. In January 2000, the federal court granted the Board's motion for summary judgment and dismissed Massey's federal suit with prejudice. Massey appealed to the U.S. Court of Appeals for the Tenth Circuit, which affirmed the lower court's grant of summary judgment for the Board. *See Massey v. Board of Trs.*, No. 00–4037, 2001 WL 120438, 2001 U.S.App. LEXIS 2171 (10th Cir. Feb. 13, 2001) (unpublished opinion), *cert. denied.*

¶ 4 Thereafter, on November 21, 2001, Massey filed suit in Utah Second District Court (the state suit) for breach of contract and wrongful termination. The Board filed a motion for summary judgment arguing that the judgment rendered in the federal suit barred Massey's claims in state court on principles of res judicata. The district court agreed. The court granted the Board's motion for summary judgment and dismissed Massey's state suit with prejudice. Massey appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 5 Massey claims the district court erred in granting summary judgment to the Board on the basis of res judicata. " 'A trial court may properly grant summary judgment when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." ' " *Snyder v. Murray City Corp.*, 2003 UT 13,- ¶ 16, 73 P.3d 325 (alteration in original) (quoting *WebBank v. American Gen. Annuity Serv. Corp.*, 2002 UT 88,¶ 10, 54 P.3d 1139 (quoting Utah R. Civ. P. 56(c))). " 'The propriety of a trial court's grant of summary judgment is a question of law.' " *Id.* (citation omitted). " 'We thus review the trial court's legal conclusions for correctness, according them no deference.' " *Id.* (citation omitted). The "determination of whether res judicata bars an action presents a question of law[,]" which we review for correctness. *Macris & Assocs. v. Neways, Inc.*, 2000 UT 93,¶ 17, 16 P.3d 1214.

## ANALYSIS

### I.   Choice of Law

¶ 6 As a preliminary matter, the Board asserts that because the first judgment against Massey was entered in federal court on an issue of federal law, "federal law must be applied in determining the preclusive effect of that judgment." Hence, the Board would have us apply the federal common law of res judicata instead of relying on Utah state common law. To support this proposition, the Board cites to United States Supreme Court case law, *see Heck v. Humphrey,* 512 U.S. 477, 488 n. 9, 114 S.Ct. 2364, 2373 n. 9, 129 L.Ed.2d 383 (1994) ("State courts are bound to apply federal rules in determining the preclusive effect of federal-court decisions on issues of federal law."), and case law from the Supreme Court of Kansas. *See Stanfield v. Osborne Indus., Inc.,* 263 Kan. 388, 949 P.2d 602, 608 (1997)

("[W]hile Kansas law does not appear to differ significantly from the federal law regarding the preclusion doctrines, the controlling authority in this case is federal law."). *See also* Restatement (Second) of Judgments § 87 (1982) ("Federal law determines the effects under the rules of res judicata of a judgment of a federal court.").[1]

¶ 7 In Utah, there is no case law clearly establishing the applicability of federal preclusion law to federal judgments in Utah state courts.[2] We conclude that the current majority and better-reasoned approach is to apply federal law. However, we emphasize that there will usually be no difference in outcome from applying Utah common law on res judicata.

## II. Res Judicata

■ ¶ 8 Under Utah law, "[t]he doctrine of res judicata serves the important policy of preventing previously litigated issues from being relitigated." *Salt Lake City v. Silver Fork Pipeline Corp.*, 913 P.2d 731, 733 (Utah 1995). "The doctrine of res judicata embraces two distinct branches: claim preclusion and issue preclusion." *Macris & Assocs. v. Neways, Inc.*, 2000 UT 93, ¶ 19, 16 P.3d 1214. This appeal involves claim preclusion. "Generally, 'claim preclusion bars a party from prosecuting in a subsequent action a claim that has been fully litigated previously.' " *Miller v. USAA Casualty In-sur. Co.*, 2002 UT 6, ¶ 58, 44 P.3d 663 (quoting *Culbertson v. Board of County Comm'rs*, 2001 UT 108, ¶ 13, 44 P.3d 642).

■ ¶ 9 The "[f]ederal law of claim preclusion ... requires: (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir.1999). Massey concedes the identity of the parties.

¶ 10 Massey, in his brief, however, claims that his state suit is not based on the same cause of action litigated in the federal suit because "the claims are different in fundamental theory."[3] Neither federal law nor Utah law supports this assertion.

■ ¶ 11 "The Tenth Circuit Court of Appeals in *Petromanagement Corp. v. Acme–Thomas Joint Venture*, 835 F.2d 1329 (10th Cir.1988) adopted the transactional approach, advocated by the Restatement (Second) of Judgments 24 (1982)," to determine the identity of claims. *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1237–38 (10th Cir.1992). The federal approach bars claims not brought in the former action when the claims arise from a " 'transaction, or series of connected transactions.' " *Id.* at 1238 (quoting Restatement (Second) of Judgments § 24 (1982)). What constitutes a "transaction" or "series of transactions" is determined by " 'giving

---

1. In addition, many other state jurisdictions have adopted this approach. *See, e.g., Donnelly v. Eklutna, Inc.*, 973 P.2d 87, 92 (Alaska 1999) ("[S]tate law does not govern the res judicata issue in this case; instead, we must look to federal law to determine the preclusive effect of the federal litigation."); *Garcia v. General Motors Corp.*, 195 Ariz. 510, 990 P.2d 1069, 1072 (Ariz. Ct.App.1999) ("Plaintiffs correctly assert that federal law, the law of the forum to first decide the issue, governs the effect to be given the ... federal court ruling."); *International Bd. of Elec. Workers v. Hawaiian Tele. Co.*, 68 Haw. 316, 713 P.2d 943, 955 n. 17 (1986) ("In a subsequent state court action, the collateral estoppel effect of a federal law ruling in a prior federal court adjudication is a question of federal law."); *Reeder v. Succession of Palmer*, 623 So.2d 1268, 1271 (La.1993) ("When a state court is required to determine the preclusive effects of a judgment rendered by a federal court exercising federal question jurisdiction, it is the federal law of res judicata that must be applied."); *Brown v. Osier*, 628 A.2d 125, 127 (Me.1993) ("In determining the preclusive effect of a federal court judgment, federal law controls."); *Edwards v. First Fed. Savs. & Loan Ass'n*, 102 N.M. 396, 696 P.2d 484, 492 (N.M.App.1985) ("[F]ederal law ... governs the preclusive effect of the federal judgment in this case which decided a federal question."); *Veiser v. Armstrong*, 688 P.2d 796, 799 (Okla. 1984) ("Federal law governs both the preclusive and res judicata effect of the prior federal-court judgment....").

2. *McCarthy v. State*, 1 Utah 2d 205, 265 P.2d 387, 388 (1953) and *Stables v. Homestead Golf Club, Inc.*, 2003 UT App 411, ¶¶ 13–18, 82 P.3d 198, both appear to apply Utah res judicata rules to federal judgments in Utah courts, but neither decision directly deals with the issue of choice of law.

3. At oral argument, counsel seemed to concede this issue, but in an abundance of caution we address it on the merits.

weight to such considerations as to whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *Id.* (quoting Restatement (Second) of Judgments § 24 (1982)).

¶ 12 In this case, the federal court specifically stated in its memorandum decision granting the Board summary judgment that Massey's section 1983 claim was based on allegations that he was wrongfully terminated from his employment. *See Massey v. Board of Trs.*, No. 00–4037, 2001 WL 120438, 2001 U.S.App. LEXIS 2171 (10th Cir. Feb. 13, 2001). Both the federal suit and the state suit clearly were based on the same facts— the termination of Massey's employment by the Board. The claims Massey brought in the state suit and the federal suit are unquestionably part of the same transaction; they are related in time, space, origin, and motivation, and form a convenient trial unit that any defendant could expect to be brought in one suit. We find it impossible to conclude otherwise. Hence, under federal law, the identity-of-claims prong of claim preclusion is satisfied.[4] Because Massey's wrongful termination claim under state law stems from the same claim as the section 1983 claim, Massey "could and should have brought [his state claims] in the prior suit." *American Estate Man. Corp. v. International Inv. & Dev. Corp.*, 1999 UT App 232, ¶ 12, 986 P.2d 765.

■ ¶ 13 Finally, Massey contends that the federal court's grant of summary judgment was not "on the merits" because the state-actor prong of section 1983 is a "threshold issue." We disagree.

¶ 14 In *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980), the United States Supreme Court definitively stated:

> By the plain terms of [section] 1983, two . . . allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

*Id.* at 640, 100 S.Ct. at 1923. Hence, section 1983 claims require the plaintiff to prove two elements, one of which is state action. The *Gomez* court clearly did not view the state-actor prong as a mere "threshold issue."

¶ 15 In the case at hand, the federal court granted the Board summary judgment and dismissed Massey's section 1983 claim with prejudice. The federal court held that Massey failed to establish state action, one of two required elements a plaintiff must show when alleging a section 1983 claim. Previous to this ruling, the federal court granted the Board's motion to dismiss Massey's claims that the Board was improperly constituted and that the Board improperly interfered with the Committee's elections.[5] Hence, the grant of summary judgment determined *on the merits* that Massey had no cause of ac-

---

4. The analysis under Utah law is substantially similar. Utah law looks to the "'aggregate of operative facts, . . . the situation or state of facts which entitles a party to sustain an action,'" to determine whether two suits stem from the same cause of action. *American Estate Man. Corp. v. International Inv. & Dev. Corp.*, 1999 UT App 232, ¶ 9, 986 P.2d 765 (quoting *Swainston v. Intermountain Health Care, Inc.*, 766 P.2d 1059, 1061 (Utah 1988)). The "[a]pplication of the doctrine of res judicata [in Utah] is not dependant upon the label placed upon a cause of action. . . . Rather than resting on the specific legal theory invoked, res judicata . . . turn[s] on the essential similarity of the underlying events giving rise to the various legal claims." *Burnett v. Utah Power & Light Co.*, 797 P.2d 1096, 1098 (Utah 1990) (quotations and citations omitted).

5. Though Massey does contest the finality of the judgment, the main thrust of his argument is that the judgment was not "on the merits" as discussed above. However, we conclude the judgment in this case is final. Where parties have been afforded an opportunity to be heard and to contest the issues, "[f]or the purposes of the doctrine of res judicata, a judgment entered on a motion for summary judgment is just as binding as a judgment entered after a trial of the facts." 50 C.J.S. *Judgment* § 716 (1997). Federal law provides that a grant of summary judgment may be a judgment on the merits for the purposes of res judicata. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 518 n. 8 (10th Cir.1994).

tion, left no claims pending, and effectively ended the federal litigation.[6]

## CONCLUSION

¶ 16 We conclude that all three prongs of claim preclusion are satisfied in this case, and thus, Massey's claims are barred. We therefore affirm.

¶ 17 I CONCUR: PAMELA T. GREENWOOD, Judge.

¶ 18 I CONCUR IN THE RESULT: RUSSELL W. BENCH, Associate Presiding Judge.

---

6. Massey also argues that had he brought his state claims in the federal suit, the federal court would have exercised its discretionary authority to dismiss Massey's supplemental state law claims without prejudice when it dismissed the section 1983 claim on summary judgment. However, Massey concedes, as he must, that federal courts may, but are not required to dismiss pendent state claims after federal claims are dismissed. *See* 28 U.S.C. § 1367(c) (1998). Fur-
thermore, the Tenth Circuit has held that " '[a] federal court justifiably may retain jurisdiction of the pendent claims when substantial time and energy have been expended on the case prior to the disposition of the federal claims.' " *Anglemyer v. Hamilton County Hosp.*, 58 F.3d 533, 541 (10th Cir.1995) (quoting *Jones v. Intermountain Power Project*, 794 F.2d 546, 550 (10th Cir. 1986)).