2004 UT App 33

**Debra YOUREN, Plaintiff and Appellant,**

v.

**TINTIC SCHOOL DISTRICT, Patricia Hunter–Rowse, and Ed Alder, Defendants and Appellees.**

No. 20021044–CA.

Court of Appeals of Utah.

Feb. 20, 2004.

---

6. In so ruling, we do not determine the effect, if any, of the accident on the modification analysis on remand.

Loren M. Lambert, Midvale, for Appellant.

Mark L. Shurtleff, Atty. Gen., Morris O. Haggerty, and Brent A. Burnett, Asst. Attys. Gen., Salt Lake City, for Appellees.

Before BILLINGS, P.J., DAVIS, and ORME, JJ.

## MEMORANDUM DECISION

DAVIS, Judge:

¶ 1 Debra Youren appeals a trial court order dismissing both causes of action in her complaint with prejudice. We affirm.

¶ 2 Youren argues that the trial court erred by dismissing her first cause of action under the claim preclusion branch of res judicata.[1] "The doctrine of res judicata serves the important policy of preventing previously litigated issues from being relitigated. Res judicata encompasses two distinct doctrines: claim preclusion and issue preclusion." *Miller v. USAA Cas. Ins. Co.*, 2002 UT 6, ¶ 57, 44 P.3d 663 (quotations and citations omitted). Claim preclusion will bar Youren's first cause of action if three elements are satisfied.

> First, both cases must involve the same parties or their privies. Second, the claim that is alleged to be barred must have been presented in the first suit or must be one that could and should have been raised in the first action. Third, the first suit must have resulted in a final judgment on the merits.

*Macris & Assocs. v. Neways, Inc.*, 2000 UT 93, ¶ 20, 16 P.3d 1214 (quotations and citations omitted). "All three elements must be established for claim preclusion to apply." *Miller*, 2002 UT 6 at ¶ 58, 44 P.3d 663.

¶ 3 Youren concedes that the first element is satisfied. Under the second element, Youren's "claim that is alleged to be barred must have been presented in the first suit *or* must be one that *could and should have been raised* in the first action." *Macris & Assocs.*, 2000 UT 93 at ¶ 20, 16 P.3d 1214 (emphasis added) (quotations and citations omitted). In several portions of her brief, Youren admits that she "could have" brought her first cause of action in the prior suit. Further, she should have brought it in the prior suit because it is based upon the same

1. An opinion recently issued by this court establishes that the federal common law of res judicata should be applied to determine the preclusive effect of a federal judgment in Utah state courts. *See Massey v. Board of Trs.*, 2004 UT App 27, ¶¶ 6–7, 86 P.3d 120. Although this is the exact circumstance we are faced with in this case, we apply the Utah common law of res judicata for several reasons. First, both parties submitted their briefs prior to the issuance of *Massey* and both parties based their arguments on this issue upon the Utah common law of res judicata. Second, the legal analysis under the claim preclu-sion branch of res judicata in the Utah common law is virtually identical to that in the federal common law. *Compare Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir.1999), *with Macris & Assocs. v. Neways, Inc.*, 2000 UT 93, ¶ 20, 16 P.3d 1214. Finally, our ultimate conclusion on this issue would be the same if we applied the federal common law of res judicata. As noted by the *Massey* court, a court's conclusion on the issue of res judicata will usually be the same regardless of whether the Utah common law of res judicata or the federal common law of res judicata is applied. *See Massey*, 2004 UT App 27 at ¶ 7, 86 P.3d 120.

set of operative facts alleged in that suit. Therefore, the second element is satisfied. The third element, which requires that "the first suit must have resulted in a final judgment on the merits," is also satisfied. *Id.* (quotations and citations omitted). The fact that a portion of the final judgment in the prior suit is pending appeal does not affect the finality of the judgment for purposes of res judicata.[2] *See Copper State Thrift & Loan v. Bruno,* 735 P.2d 387, 390 (Utah Ct.App.1987) ("A judgment or order, once rendered, is final for purposes of res judicata until reversed on appeal or modified or set aside in the court of rendition."). Because all three elements are satisfied, we conclude that the trial court properly dismissed Youren's first cause of action under the claim preclusion branch of res judicata.

¶ 4 Youren also argues that the trial court erred by dismissing her second cause of action based upon its determination that Utah's anti-nepotism statutes do not create a private right of action. *See* Utah Code Ann. §§ 52–3–1 to–4 (2002). When a statute makes certain acts unlawful and provides criminal penalties for such acts, but does not specifically provide for a private right of action, we generally will not create such a private right of action. *See Milliner v. Elmer Fox & Co.,* 529 P.2d 806, 808 (Utah 1974) (refusing to create private right of action where a criminal statute did not provide for private right of action, stating that was "a matter best left to the legislature"); *Broadbent v. Board of Educ.,* 910 P.2d 1274, 1278 (Utah Ct.App.1996) (stating that "the courts of this state are not generally in the habit of implying a private right of action

based upon state law, absent some specific direction from the [l]egislature"); *Richards Irrigation Co. v. Karren,* 880 P.2d 6, 11 (Utah Ct.App.1994) (holding that trial court did not err by dismissing party's claims where statute and constitutional provision upon which claims were based did not "create a private right of action, but merely provide[ed] for criminal remedies"). Utah's anti-nepotism statutes do not specifically provide for a private right of action, but instead provide a criminal penalty for any violation of their provisions. *See* Utah Code Ann. § 52–3–3 ("Any person violating any of the provisions of this chapter is guilty of a misdemeanor."). Accordingly, we refuse to create a private right of action under Utah's anti-nepotism statutes when the legislature has not seen fit to do so. Therefore, we conclude that the trial court did not err by dismissing Youren's second cause of action based upon its determination that Utah's anti-nepotism statutes do not create a private right of action.

¶ 5 We affirm the trial court's order dismissing all causes of action in Youren's complaint with prejudice.[3]

¶ 6 WE CONCUR: JUDITH M. BILLINGS, Presiding Judge, GREGORY K. ORME, Judge.

---

**2.** We recognize the split in Utah case law on the general issue of the finality of judgments pending appeal and conclude that the better approach is that taken by the more recent Utah cases, which hold that a rendered judgment is final for purposes of res judicata until reversed on appeal, modified by the rendering court, or set aside by the rendering court. *See, e.g., Copper State Thrift & Loan v. Bruno,* 735 P.2d 387, 390 (Utah Ct. App.1987); *see also,* Restatement (Second) of Judgments § 13 cmt. f (1982) ("There have been differences of opinion about whether, or in what circumstances, a judgment can be considered final for purposes of res judicata when proceedings have been taken to reverse or modify it by

appeal. The better view is that a judgment otherwise final remains so despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo; finality is not affected by the fact that the taking of the appeal operates automatically as a stay or supersedeas of the judgment appealed from that prevents its execution or enforcement, or by the fact that the appellant has actually obtained a stay or supersedeas pending appeal.").

**3.** Youren raises other issues in her brief, but we do not address them because the issues we have addressed are dispositive of her appeal.