**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 13, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

VICTOR ORVIS; DESIGN
FABRICATORS, a Utah Corporation,

    Plaintiffs-Appellants,

  v.

PLEASANT GROVE CITY, a
municipal corporation; EDWARD T.
SANDERSON; CAROL HARMER;
DAROLD MCDADE; BETTY
MEMMOTT; JIM DANKLEF; MARK
ATWOOD; KEITH CORRY; TINA
PETERSON, individually and in her
capacity as Pleasant Grove City
Attorney; STAN KLEMETSON; JIM
TAUFER; FRANK MILLS,

    Defendants-Appellees.

No. 05-4235
(D.C. No. 2:03-CV-430)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY**, and **BRORBY**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Victor Orvis and his business enterprise, Design Fabricators, Inc., brought federal civil rights and state tort claims against defendants, the municipality of City of Pleasant Grove, Utah and individual city officials (the City). The district court entered summary judgment in favor of the City and Mr. Orvis appeals. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I.

Mr. Orvis operated Design Fabricators, a metal fabricating business, from his residence. From 1997 through much of 2002, he did not have the home-occupancy business license required by the City code. In July 2001, the City informed Mr. Orvis and other unlicensed operators of home-based businesses that they must obtain the license applicable to their type of business. Mr. Orvis applied for a minor-home-occupancy license, describing his business as a home office. The City questioned the propriety of this application, suspecting that Design Fabricators was actually an operation that required a major-home-occupancy license.

In September 2001, the City sent an inspector and a police officer to investigate the operation of Design Fabricators. Mr. Orvis refused to allow the inspector full access to his property, in the belief that the requested search was illegal, discriminatory, and retaliatory. Two months later, the City issued

-2-

citations for operating a business without a license. Mr. Orvis was convicted of these misdemeanor offenses in the Utah Justice Court, Utah County. He then appealed to the state district court, which rejected his arguments and affirmed the ruling of the justice court. Mr. Orvis then entered a guilty plea, submitted to sentencing, and appealed to the Utah Court of Appeals. His criminal appeal is currently pending.

Also, Mr. Orvis was a member of the City's Planning Commission from January 1999 through December 2001. He alleges that the City prematurely and illegally removed him from the Commission in retaliation for his outspoken opposition of incumbent city officials. For its part, the City asserts that Mr. Orvis's term simply expired at the end of 2001. It admits that there was initially some confusion over the length of Mr. Orvis's term, but claims that a later review indicated that he was appointed only for the duration of a resigning Commissioner's term.

## II.

Mr. Orvis filed this civil lawsuit for damages while his appeal of the criminal case was pending in state district court. His civil complaint alleged that, in prosecuting him for ordinance violations and removing him from the Planning Commission, defendants violated his constitutional rights to freedom of speech, equal protection, and due process and also conspired to violate these rights. Additionally, he brought state-law claims of intentional interference with

economic relations, trespass, and intentional infliction of emotional distress. Later, Mr. Orvis amended the complaint to add Design Fabricators as a plaintiff.

The City filed a motion to dismiss claims arising from the business-license prosecution, arguing that *Younger v. Harris*, 401 U.S. 37 (1971), required federal abstention due to the criminal appeal which, at that time, was pending in state district court. It also moved for summary judgment based on the Utah Governmental Immunity Act, Utah Code Ann. §§ 63-30-1 to -20 (2003) (governing injuries alleged to be caused by a governmental entity that occurred before July 1, 2004; repealed and reenacted as Utah Code Ann. §§ 63-30d-101 to -904), and a failure to demonstrate disputed issues of material fact. Mr. Orvis opposed the City's filings. In particular, he argued that *Younger* abstention was inappropriate.

By the time the federal district court ruled on the City's motions, Mr. Orvis had lost his first-level criminal appeal. The district court denied the City's *Younger* motion to dismiss.

Turning to the summary judgment motion, the court decided that Mr. Orvis's state law claims were barred by governmental immunity. *See Pigs Gun Club, Inc. v. Sanpete County*, 42 P.3d 379, 383-83 (Utah 2002) (setting out criteria for governmental immunity defense). It then determined that the state district court's decision had a preclusive effect on all claims relating to the City's handling of business-license matters. Concerning claims based on removal from

-4-

the Planning Commission, the court determined that the record did not demonstrate any relevant material issues of fact. The district court therefore granted summary judgment in favor of the City and dismissed the entire case.

III.

The first issue on appeal raises a threshold question: whether the *Younger* doctrine barred the district court from making a substantive ruling on claims arising from the business-license prosecution. Mr. Orvis's appellate position is that the doctrine required the district court to either stay these claims while state-court proceedings were ongoing or dismiss them without prejudice.

The district court's decision that abstention was not required under *Younger* is subject to de novo review. *Weitzel v. Div. of Occupational and Prof'l Licensing,* 240 F.3d 871, 875 (10th Cir. 2001). Under the *Younger* doctrine, "[e]ven when a federal court would otherwise have jurisdiction to hear a claim, the court may be obliged to abstain when a federal-court judgment on the claim would interfere with an ongoing state proceeding implicating important state interests." *D.L. v. Unified School Dist. No. 497,* 392 F.3d 1223, 1227-28 (10th Cir. 2004).

A *Younger* argument, however, may be waived. When a litigant has "voluntarily submitted to a federal forum . . . the principles of comity underlying the *Younger* abstention doctrine do not demand that the federal court force the

case back into the State's own system." *Morrow v. Winslow,* 94 F.3d 1386, 1390-91 (10th Cir. 1996) (quotations omitted).

Mr. Orvis did not assert a *Younger* argument in district court. Indeed, he argued vigorously against the City's dismissal motion, stating that his "claims in this federal action are in no way calculated to interfere with the state court action" and that "in light of the requirements of the *Younger* abstention doctrine . . . dismissal in this case would be inappropriate." Aplt. App. at 8. Mr. Orvis has explicitly waived issues related to abstention under *Younger*. He may no longer claim that the *Younger* doctrine required the district court to refrain from ruling on his business-license claims until the completion of state proceedings.[1]

---

[1]     Mr. Orvis also argues that his business-license claims should have been dismissed without prejudice because they are premature until he succeeds in his state court appeal. Aplt. Br. at 13. It is true that a § 1983 plaintiff who has been convicted in a criminal prosecution cannot challenge the process leading to his conviction unless and until the conviction has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). It is equally true that if an appellant "failed to make [an] argument in the district court, we conclude that the argument has been waived and decline to consider it." *Oliveros v. Mitchell,* 449 F.3d 1091, 1095 (10th Cir. 2006). And this court has noted that a *Heck* defense is not jurisdictional. *See Jiron v. City of Lakewood* 392 F.3d 410, 413, n.1 (10th Cir. 2004) (citing *Okoro v. Bohman*, 164 F.3d 1059, 1061 (7th Cir. 1999)).

We find no indication in the record before us that Mr. Orvis argued this issue in district court. His response to the City's summary judgment motion stated that he was "able to meet [his] burden of going forward on [his] constitutional claims" and that he should be allowed "to proceed to trial." Aplt. App. at 50. We therefore do not consider his prematurity argument on appeal. *See Jiron*, 392 F.3d at 410, n.1 (evaluating the substance of plaintiff's claims

(continued...)

III.

The second issue on appeal is whether the district court's summary judgment ruling failed to give appropriate consideration to the parties' presentation of factual evidence. "[W]e review the district court's grant of summary judgment *de novo*, applying the same legal standards as employed by the district court. In doing so, we review the record in the light most favorable to the party opposing summary judgment." *B-S Steel of Kan., Inc. v. Tex. Indus.*, 439 F.3d 653, 660 (10th Cir. 2006) (quotation omitted). Summary judgment is to be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The district court applied the doctrine of res judicata to dispose of the claims relating to the business-license prosecution. This doctrine "forecloses litigation of [claims or] issues which were actually decided or could have been decided in a previous action." *Santana v. City of Tulsa*, 359 F.3d 1241, 1246 n.3 (10th Cir. 2004). Res judicata applies if four elements are satisfied: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and

[1](...continued)
"because the district court dismissed [the] entire set of claims, with prejudice, and because *Heck* at best would only support a dismissal without prejudice").

(4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit." *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1168 (10th Cir. 2000).

The court determined that all four elements were met. Following recent Utah law, the court decided that, for res judicata purposes, Mr. Orvis's state criminal conviction was a final adjudication until reversed, modified, or set aside. *See Youren v. Tintic Sch. Dist.*, 86 P.3d 771, 773 (Utah Ct. App. 2004). Also, Mr. Orvis does not argue that the parties and causes of action were not identical or that he lacked a full and fair opportunity to pursue his contentions in state court.[2] The record does not reveal any legal error in the district court's res judicata ruling.

Moreover, we conclude that the district court correctly entered summary judgment on Mr. Orvis's claims arising from the termination of his service on the Planning Commission. As the district court noted, Mr. Orvis failed to come forward with evidence that his removal from the Commission was in retaliation for his exercise of free speech, a restriction of a liberty or property interest, or a violation of his equal protection rights.

---

[2] Appellants' Appendix does not provide any documentation from Mr. Orvis's appeal to the Utah Court of Appeals. Thus, this court cannot describe the issues before that court with any certainty. "A party who seeks to reverse the decision of a district court must provide an adequate record for this court to determine that error was committed." *Travelers Indem. Co. v. Accurate Autobody, Inc.*, 340 F.3d 1118, 1119 (10th Cir. 2003); *see also* 10th Cir. R. 30.1(A)(1) (stating that "[t]he appellant must file an appendix sufficient for considering and deciding the issues on appeal").

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge