**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 25, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JUDY WOOLF,

     Plaintiff-Appellant,

v.

SHAELA K. WIGGINGTON,

     Defendant-Appellee,

and

LIBERTY MUTUAL GROUP, a
foreign corporation; LIBERTY
LIFE ASSURANCE COMPANY OF
BOSTON,

     Defendants.

No. 15-4142
D.C. No. 1:14-CV-00168-DAK
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

---

[*] Though the parties request oral argument, we conclude that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

This appeal grew out of a dispute over the proceeds of a life insurance policy owned by Mr. Richard Wigginton. When Mr. Wigginton died, his life insurance policy designated both his mother (Ms. Judy Woolf) and daughter (Ms. Shaela Wigginton) as co-beneficiaries. Based on this designation, the daughter claimed a right to half the life insurance proceeds; the mother claimed that

- the designation of co-beneficiaries was legally invalid and

- she was entitled to all of the proceeds as the sole beneficiary of the policy.

The mother brought suit on these claims, and the district court dismissed the suit with prejudice for failure to state a valid claim. We affirm.[1]

## I.     Standard of Review

In reviewing the dismissal, we engage in de novo review. *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010). Exercising de novo review, we consider whether the complaint stated enough facts to make

---

[1]     The daughter characterizes the claims as state-law claims, arguing that we have supplemental jurisdiction over them under 28 U.S.C. § 1367(a). But the mother did not file a mix of federal and state-law claims; instead, she filed state-law claims that are completely preempted by § 502 of the Employment Retirement Income Security Act (ERISA) and converted to claims under this statute. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-67 (1987). This conversion triggers federal jurisdiction under ERISA. 28 U.S.C. § 1331; 29 U.S.C. § 1132(e).

the claims facially plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## II. The mother challenges Mr. Wigginton's addition of his daughter as a beneficiary.

Mr. Wigginton's mother was originally the only beneficiary under the policy. But Mr. Wigginton's signature later appeared on a document adding the daughter as a co-beneficiary. The mother brought this suit, claiming that the daughter had forged the document or used undue influence to induce Mr. Wigginton to change the beneficiary. In the alternative, the mother asserted a claim of equitable assignment.

## III. The district court correctly dismissed the claims of forgery and undue influence.

The district court properly dismissed the claims of forgery and undue influence.

ERISA does not expressly address forgery or undue influence in obtaining designation as a beneficiary. As a result, the forgery and undue-influence claims are governed by federal common law. *See Tinsley v. Gen. Motors Corp.*, 227 F.3d 700, 704 (6th Cir. 2000). In determining what the federal common law is in this area, we are guided by state law, and the parties limit their analysis to Utah law. *Id.*; *see* note 3, below.

The Utah forgery provision appears in the Utah criminal code, rendering the act of forgery a felony. *See* Utah Stat. Ann. § 76-6-501.

3

This provision does not create a private right of action. *See Youren v. Tintic Sch. Dist.*, 86 P.3d 771, 773 (Utah Ct. App. 2004) ("When a statute makes certain acts unlawful and provides criminal penalties for such acts, but does not specifically provide for a right of action, we generally will not create such a private right of action."); *see also Cline v. Utah, Div. of Child & Family Servs.*, 142 P.3d 127, 136 (Utah Ct. App. 2005) (holding that Utah law does not create a private right of action for perjury). Because the mother does not identify any other legal sources for her forgery claim, we affirm the dismissal of this claim.[2]

We also affirm the dismissal of the mother's undue-influence claim. In the amended complaint, the mother alleged "undue influence" without stating how the daughter had unduly influenced Mr. Wigginton. The district court characterized this allegation as conclusory, and we agree with that characterization. Because the allegation was conclusory, the district court properly dismissed the claim of undue influence. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[2] Forgery can support various causes of action, but is not a freestanding cause of action in Utah. The mother presumably could have used forgery to support a cognizable cause of action, such as fraud. But in both the amended complaint and her supplemental brief, the mother identified her cause of action as one for forgery.

4

**IV.** **The district court correctly dismissed the claim of equitable assignment.**

The mother also asked the district court to order equitable assignment of the life insurance proceeds, arguing that she had guaranteed repayment of loans to Mr. Wigginton in exchange for status as the sole beneficiary on the life insurance policy. The daughter successfully urged dismissal of the claim on ground that the mother had not adequately alleged assignment of the life insurance proceeds. In our view, the dismissal was proper.

An order of equitable assignment of the life insurance proceeds would be proper only if Mr. Wigginton had intended to transfer a present interest in the life insurance proceeds. *See Cook v. Cook*, 174 P.2d 434, 436 (Utah 1946) ("Without a transfer of a present interest in the fund or a parting of control over the fund there can be no equitable assignment.").[3] In our view, the mother did not adequately allege that Mr. Wigginton had intended to assign a present interest in his life insurance policy.

---

[3]     "[F]ederal courts . . . have routinely looked to state law to 'fill the gaps' in ERISA law." *Slice v. Sons of Norway*, 34 F.3d 630, 633 (8th Cir. 1994). Perhaps for this reason, the parties assume that Utah law governs the claim of equitable assignment. For the sake of argument, we can assume that the federal common law would incorporate Utah law on the equitable-assignment claim. *See St. Anthony Hosp. v. U.S. Dep't of Health & Human Servs.*, 309 F.3d 680, 703 (10th Cir. 2002) (applying Oklahoma law when the parties assumed that Oklahoma law applied).

5

The mother alleged that

- she had initially been designated as the sole beneficiary,

- Mr. Wigginton had initially intended for the mother to be the sole beneficiary, and

- the mother had previously guaranteed loans for Mr. Wigginton.

But these allegations do not indicate assignment of a present right. As the sole beneficiary on the policy, the mother had only "an expectancy, contingent on the insured's death." *Culbertson v. Cont'l Assur. Co.*, 631 P.2d 906, 909-10 (Utah 1981). Mr. Wigginton was entitled to change the beneficiary designation however he wished. *Id.* at 910. Thus, the mother has not adequately pleaded a claim of equitable assignment.

In her opening appeal brief, the mother alleges that she was promised all of the life insurance proceeds. This allegation is invalid because (1) it did not appear in the amended complaint and (2) a promise to pay would not constitute the transfer of a present interest. *Cook v. Cook*, 174 P.2d 434, 436 (Utah 1946).

**V.    The district court did not err in making the dismissal with prejudice.**

The mother argues in the alternative that even if the amended complaint was properly dismissed, the dismissal should have been "without prejudice" rather than "with prejudice." In our view, the court

6

did not err. The mother did not request leave to amend the complaint again or identify additional facts that would have cured the pleading defects. Thus, the district court had the discretion to dismiss the action with prejudice. *See Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999) (holding that because a motion for leave to amend a complaint was not filed, the district court did not err in declining to address the plaintiff's request in her brief for leave to cure deficiencies in the complaint).

## VI. Disposition

We affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge